## ANDRUS et al. v. YOUNGER BROS., Inc., et al.
## MILLER v. SAME.
### Nos. 656, 658.

District Court, W. D. Louisiana, Lake Charles Division.

March 19, 1943.

No. 656:

Thomas F. Porter, of Lake Charles, La., for plaintiffs.

Plauche & Plauche, of Lake Charles, La., for defendant.

No. 658:

Jno. T. Hood, Jr., of Jennings, La., and Liskow & Lewis, of Lake Charles, La., for plaintiff.

Plauche & Plauche and McCoy & King, all of Lake Charles, La., for defendant.

DAWKINS, District Judge.

Both these suits grew out of a single automobile collision, and since the principal issues are common to both they will be disposed of together.

This question is as to whether a citizen and resident of this district can lawfully bring the non-resident insurer, on a liability policy in action for tort alleged to have arisen from an automobile collision here, into court through its statutory agent for service of process, the Secretary of State, domiciled in the Eastern District of Louisiana, on service made by the marshal of that district.

Plaintiffs in both cases reside in the Lake Charles Division of this court, the collision occurred near Crowley, Louisiana, in Acadia Parish, on August 6, 1941, between a truck belonging to Younger Brothers, Inc., a citizen of Texas (hereafter called the owner), which had designated an agent for service at Lafayette, Louisiana, in the Opelousas Division, and a passenger car in which plaintiffs were travelling. Insurors Indemnity & Insurance Co. is a citizen of the state of Oklahoma, and Aetna Casualty & Surety Co. is a citizen of Connecticut. Each had, in compliance with Act No. 105 of the Louisiana Legislature of 1898, appointed the Secretary of State, domiciled in the Eastern District of Louisiana, as agent for service. In case No. 656 the owner and Insurors were sued, while both they and Aetna were made defendants in No. 658. Insuror alone, in both cases, moved to quash the service as unauthorized; while Aetna answered to the merits.

The question is identically the same as that in Williams v. James et al., D.C., 34 F.Supp. 61, decided by my colleague, Judge Porterie, on July 26, 1940. The statutes and jurisprudence were fully reviewed in a comprehensive opinion and will not be repeated here. It is sufficient to say that I believe his conclusions, as to the effect of sub-section (f) of Rule 4, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are correct. As he points out, the very question of whether that rule invaded the field of substantive law was brought to the attention of the Supreme Court when the proposed rules were presented by its committee, but it was approved, notwithstanding, and submitted to Congress, which, in turn, allowed this subsection to become law through inaction. The purpose of the rule was stated by Dean Charles E. Clarke (now a United States circuit judge), reporter for the committee, in a discussion of the new rules shortly after their adoption before an institute held in Cleveland, Ohio, in which he said: "* * * in cases where the District Court already has jurisdiction and venue, its process may reach as far as the confines of the state itself * * * It is simply allowing people to be brought before the Court within the entire state and not merely within one district."

In the present case, the Court undoubtedly has jurisdiction, since the plaintiff resides here and the cause of action is alleged to have arisen in this district; while the issue is between citizens of different states. Therefore, the only thing remaining is to bring the defendants lawfully before the court. This is made possible by the rule which provides, "All process other than a subpoena [for witnesses, see Rule 45] may be served anywhere within the territorial limits of the state in which the district court is held * * *." See also the numerous authorities cited in Williams v. James, supra. I am convinced therefore that this section of Rule 4 affects only matters of procedure, i.e., the service of process and not jurisdiction, which exists under the other substantive provisions of the Federal Statutes and Constitution.

There is a further minor issue in both cases, raised by the owner in motions for bills of particulars. It is said that the petitions do not "set out on what portion of the state Highway the Lincoln Zephyr (in which the injured persons were riding) overturned * * *" or "how much time, if any, elapsed from the moment the said Lincoln came to its overturned position on or off the said Highway, to the moment the mover's truck contacted the said Lincoln automobile, and showing, also, how much space, if any, intervened between the said overturned Lincoln automobile (at the moment of its overturning) and the truck of mover."

Obviously these are matters of detail which plaintiffs do not have to allege. The ultimate facts as to the acts of negligence are sufficiently stated in Article 6 of the first case and in Articles V to X, both inclusive, of the second case.

The motions in both cases will be overruled.