MISSISSIPPI PUBLISHING CORP. *v.* MURPHREE.

No. 234.   Argued December 12, 1945.—Decided January 2, 1946.

*Mr. William H. Watkins,* with whom *Messrs. P. H. Eager, Jr., E. C. Brewer* and *Mrs. Elizabeth Hulen* were on the brief, for petitioner.

*Mr. Rufus Creekmore,* with whom *Messrs. W. E. Gore* and *H. H. Creekmore* were on the brief, for respondent.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

Respondent, a resident of the northern district of Mississippi, brought this suit in the district court for that district against petitioner, a Delaware corporation having

an office and place of business in the southern district of Mississippi, to recover damages for libel published in the southern district. The suit was begun by service of summons in the southern district by the United States marshal upon the agent designated by petitioner to receive service of process within the state. The questions for our decision are whether the venue was properly laid in the northern district, and whether petitioner could be brought before the court and subjected to its judgment in the suit by service of summons on petitioner's agent in the southern district.

The district court granted petitioner's motion to dismiss the suit on the ground that the venue was not properly laid in the northern district. The Circuit Court of Appeals for the Fifth Circuit reversed, 149 F. 2d 138, holding that as there was diversity of citizenship and as the amount in controversy exceeded $3,000, the district court for the northern district had jurisdiction, that the venue was properly laid there under the provisions of § 51 of the Judicial Code, 28 U. S. C. § 112, and that service of summons in the southern district was authorized by Rule 4 (f) of the Federal Rules of Civil Procedure. We granted certiorari, 326 U. S. 702.[1]

The present case being of a civil nature, the amount in controversy exceeding $3,000, and the parties being of diverse citizenship, the district court had jurisdiction of

---

[1] The lower courts have not been consistent in the application of Rule 4 (f). Compare *Contracting Division, A. C. Horn Corp.* v. *New York Life Ins. Co.,* 113 F. 2d 864; *Gibbs* v. *Emerson Electric Mfg. Co.,* 29 F. Supp. 810; *Melekov* v. *Collins,* 30 F. Supp. 159; *Carby* v. *Greco,* 31 F. Supp. 251; *Richard* v. *Franklin County Distilling Co.,* 38 F. Supp. 513, with the opinion of the Court of Appeals in the present case, 149 F. 2d 138; *Devier* v. *George Cole Motor Co.,* 27 F. Supp. 978; *Zwerling* v. *New York & Cuba Mail S. S. Co.,* 33 F. Supp. 721; *Williams* v. *James,* 34 F. Supp. 61; *Salvatori* v. *Miller Music, Inc.,* 35 F. Supp. 845; *Andrus* v. *Younger Bros.,* 49 F. Supp. 499, and *O'Leary* v. *Loftin,* 3 F. R. D. 36.

the subject matter of the suit, that is, of the class of cases of which the present is one.  28 U. S. C. § 41 (1).  The court had jurisdiction over the parties if the petitioner was properly brought before the court by the service of process within the southern district.  And it could rightly exercise its jurisdiction, notwithstanding petitioner's motion, unless there was want of venue.  Venue in the present case is controlled by § 51 of the Judicial Code, 28 U. S. C. 112, which provides, with exceptions not now material, that "where the jurisdiction is founded only on the fact that the action is between citizens of different States, suits shall be brought only in the district of the residence of either the plaintiff or the defendant . . ."

Since there was jurisdiction of the present suit on the sole ground of diversity of citizenship and since the suit was brought in the district of the plaintiff's residence, as found by both courts below, there was, by § 51 of the Judicial Code, no want of venue and the court was not warranted in dismissing the suit if the service of summons was effective to make the defendant a party.  *Neirbo Co.* v. *Bethlehem Corp.*, 308 U. S. 165, on which petitioner relies, supports no different conclusion.  There the sole ground of jurisdiction was diversity of citizenship of the parties.  The foreign corporation was sued in the district court for southern New York, in which neither the plaintiff nor the defendant was a citizen or resident,[2] but where the defendant was doing business, maintained an office, and had consented to be sued by appointing a resident agent to receive service of process.  Recognizing that § 51 of the Judicial Code, in cases where the jurisdiction is founded on diversity of citizenship, establishes venue as

---

[2] For purposes of jurisdiction a corporation is a citizen or resident only of the state of its organization.  *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444, 451; *In re Keasbey & Mattison Co.*, 160 U. S. 221, 229; *Macon Grocery Co.* v. *Atlantic Coast Line*, 215 U. S. 501, 509; *Seaboard Rice Co.* v. *Chicago, R. I. & P. R. Co.*, 270 U. S. 363, 366.

the place where the suit may be maintained for the convenience of the parties, and that the statutory venue for a suit of which the court has jurisdiction may be waived, we held that the corporation had waived objections to venue by its consent to the suit. By designating an agent to receive service of process and consenting to be sued in the courts of the state, the corporation had consented to suit in the district court, being a court sitting for a district within the state and applying there the laws of the state, and it had thus waived the venue provisions of § 51 of the Judicial Code. 308 U. S. at 175. Cf. *Railroad Co.* v. *Harris,* 12 Wall. 65; *Lafayette Ins. Co.* v. *French,* 18 How. 404; *Ex parte Schollenberger,* 96 U. S. 369. In the present suit there was no occasion to establish waiver of objections to venue in the northern district of Mississippi, since the statute had provided in advance that there should be venue in the district court for the northern district, where respondent resided.

Unlike the consent to service in the *Neirbo* case the consent to service of process on petitioner's agent throughout the state was not significant as a waiver of venue, but it was an essential step in the procedure by which petitioner was brought before the court and rendered amenable to its judgment in the northern district. By consenting to service of process upon its agent residing in the southern district, petitioner rendered itself "present" there for purposes of service. See *Ex parte Schollenberger, supra,* 377; cf. *International Shoe Co.* v. *Washington,* 326 U. S. 310. Had Congress specifically authorized service there for purposes of suit in the northern district, petitioner would have been properly brought before the district court for the purposes of the present suit, since Congress could provide for service of process anywhere in the United States. *Toland* v. *Sprague,* 12 Pet. 300, 328; *United States* v. *Union Pacific R. Co.,* 98 U. S. 569, 604; *Robertson* v. *Railroad Labor Board,* 268 U. S. 619, 622.

Congress, having omitted so to direct, the omission was supplied by Rule 4 (f) of the Rules of Civil Procedure, which provides that "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held." In the present case the service was made pursuant to Rule 4 (d) (3) by the United States Marshal, who delivered the summons to the agent of petitioner designated to receive the service. If the service of the summons was valid petitioner was properly brought before the court in the northern district, which had venue and jurisdiction of the subject matter of the suit.

It is said that petitioner, by appointing an agent to receive service, has only consented to service of process in suits brought in the state courts and in conformity to state statutes regulating the venue, and that in any case Rule 4 (f) was adopted without authority since the Act of June 19, 1934, 48 Stat. 1064, 28 U. S. C. § 723b, which authorized the promulgation of rules of practice for the district courts, directed that they "shall neither abridge, enlarge, nor modify the substantive rights of any litigant," and because the construction given to Rule 4 (f) by the court below is inconsistent with Rule 82 which provides that the rules "shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

The answer to the suggestion that the consent to suit in the state is a consent to suit only in the state courts and subject to state statutes regulating venue in those courts is plain. Such consent has been uniformly construed to mean suits within the state which apply the law of the state, whether they be state or federal courts. See *Neirbo Co.* v. *Bethlehem Corp., supra,* 171; cf. *Ex parte Schollenberger, supra,* 377; *Madisonville Traction Co.* v. *Mining Co.,* 196 U. S. 239, 255–256; *Louisville & Nashville R. Co.* v. *Chatters,* 279 U. S. 320, 329. And since

the consent is to suits in the federal courts, it is a consent to suits brought in conformity to the federal regulations governing the jurisdiction, venue and procedure of those courts. *Ex parte Schollenberger, supra,* 377; *Neirbo Co.* v. *Bethlehem Corp., supra,* 175.

The question remains whether Rule 4 (f) is an effective means of bringing the petitioner before the district court in the northern district where the suit was properly brought in conformity to § 51 of the Judicial Code. The fact that this Court promulgated the rules as formulated and recommended by the Advisory Committee does not foreclose consideration of their validity, meaning or consistency. But in ascertaining their meaning the construction given to them by the Committee is of weight. Rule 4 (f), as explained by the authorized spokesmen for the Advisory Committee, see Proceedings of Washington and New York Institute on Federal Rules, 291, 292; Proceedings of The Cleveland Institute on the Federal Rules, 205, 206, was devised so as to permit service of process anywhere within a state in which the district court issuing the process is held and where the state embraces two or more districts. It was adopted with particular reference to suits against a foreign corporation having an agent to receive service of process resident in a district within the state other than that in which the suit is brought. It was pointed out that the rule did not affect the jurisdiction or venue of the district court as fixed by the statute, but was intended among other things to provide a procedural means of bringing the corporation defendant before the court in conformity to its consent, by serving the agent wherever he might be found within the state. See also Hughes, Federal Practice, Vol. 17, § 18993; Moore, Federal Practice, Vol. 1, p. 360–361.

It is true that the service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the

person of the party served. But it is evident that Rule 4 (f) and Rule 82 must be construed together, and that the Advisory Committee, in doing so, has treated Rule 82 as referring to venue and jurisdiction of the subject matter of the district courts as defined by the statutes, §§ 51 and 52 of the Judicial Code in particular, rather than the means of bringing the defendant before the court already having venue and jurisdiction of the subject matter. Rule 4 (f) does not enlarge or diminish the venue of the district court, or its power to decide the issues in the suit, which is jurisdiction of the subject matter, *Industrial Assn.* v. *Commissioner*, 323 U. S. 310, 313, to which Rule 82 must be taken to refer. Rule 4 (f) serves only to implement the jurisdiction over the subject matter which Congress has conferred, by providing a procedure by which the defendant may be brought into court at the place where Congress has declared that the suit may be maintained. Thus construed, the rules are consistent with each other and do not conflict with the statute fixing venue and jurisdiction of the district courts.

We think that Rule 4 (f) is in harmony with the Enabling Act which, in authorizing this Court to prescribe general rules for the district courts governing practice and procedure in civil suits in law and equity, directed that the rules "shall neither abridge, enlarge, nor modify the substantive rights of any litigant." Undoubtedly most alterations of the rules of practice and procedure may and often do affect the rights of litigants. Congress' prohibition of any alteration of substantive rights of litigants was obviously not addressed to such incidental effects as necessarily attend the adoption of the prescribed new rules of procedure upon the rights of litigants who, agreeably to rules of practice and procedure, have been brought before a court authorized to determine their rights. *Sibbach* v. *Wilson & Co.*, 312 U. S. 1, 11–14. The fact that the application of Rule 4 (f) will operate to subject

petitioner's rights to adjudication by the district court for northern Mississippi will undoubtedly affect those rights. But it does not operate to abridge, enlarge or modify the rules of decision by which that court will adjudicate its rights. It relates merely to "the manner and the means by which a right to recover . . . is enforced." *Guaranty Trust Co.* v. *York*, 326 U. S. 99, 109. In this sense the rule is a rule of procedure and not of substantive right, and is not subject to the prohibition of the Enabling Act.

The judgment is

*Affirmed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.