**HARMANN v. UNITED STATES FIDELITY & GUARANTY CO.**

Civ. A. No. 1623.

District Court, W. D. Louisiana, Opelousas Division.

Jan. 23, 1946.

Edward Dubuisson, of Opelousas, La., for plaintiff.

Weiss & Weiss, of New Orleans, La., for defendant.

PORTERIE, District Judge.

The following conclusions taken from the case of Mississippi Publishing Corporation v. Murphree, 66 S.Ct. 242, 244, are applicable to the instant case:

"The present case being of a civil nature, the amount in controversy exceeding $3,000, and the parties being of diverse citizenship, the district court had jurisdiction of the subject matter of the suit, that is, of the class of cases of which the present is one. 28 U.S.C. § 41(1), 28 U.S.C.A. § 41(1). * * * Venue in the present case is controlled by § 51 of the Judicial Code, 28 U.S.C. § 112, 28 U.S.C.A. § 112, which provides, with exceptions not now material, that 'where the jurisdiction is founded only on the fact that the action is between citizens of different States, suits shall be brought only in the district of the residence of either the plaintiff or the defendant * * *.'

"Since there was jurisdiction of the present suit on the sole ground of diversity of citizenship, and since the suit was brought in the district of the plaintiff's residence, * * * there was, by § 51

of the Judicial Code, no want of venue * * *."

The question we have to decide is whether or not the service of summons was effected to make the defendant a party. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

The plaintiff makes use of the direct action statute of Louisiana, Act No. 55 of 1930, and sues the insurer of the tort-feasor for the payment of money as compensation for alleged physical injury, the result of an accident occurring on the highway between Camp Butner and the city of Durham, in the state of North Carolina.

The insurer, the United States Fidelity & Guaranty Company, has qualified to do business in both the states of Louisiana and North Carolina. Service of summons in the instant case has been made through the Secretary of State for the State of Louisiana.

Obviously, we are concerned with what is the reach and significance of defendant's qualifying to do business in Louisiana.

"The law of Louisiana, providing for civil process against non-resident insurance companies, authorized to do business in Louisiana, is, as follows (Act 105 of 1898, Art. II, § 1, Dart's La.Stats. (1932) § 4018):

"'No Insurance company, corporation, association or society organized under the laws of any State in the United States, or any foreign country *shall directly or indirectly issue policies, take risks or transact business in this State,* until it shall have first appointed in writing the Secretary of State of this State to be the true and lawful attorney of such company, corporation, association or society, *in and for this State* upon whom all lawful process in any action or proceeding against the company, corporation, association or society may be served with the same effect as if the company, corporation, association or society existed in this State. Said power of attorney shall stipulate and agree on the part of the company, corporation, association or society that any lawful process against the same, which is served on said attorney shall be of the same legal force and validity as if served on the company, corporation, association or society, and that the authority shall continue in force *so long as any policy, or other liability remains outstanding against the company, corporation, association or society in this State.* A cer-

**38**

tificate of such appointment, duly certified and authenticated, shall be filed in the office of the Secretary of State and copies certified by him shall be deemed sufficient evidence. Service upon such attorney shall be deemed sufficient service upon the principal.' " (Italics ours.) Williams v. James, D.C., 34 F.Supp. 61, at page 64.

■ Though we are the author of the case of Williams v. James, which has been directly validated by the Supreme Court of the United States in the Case of Mississippi Publishing Corporation v. Dennis Murphree, supra (case of Williams v. James cited in footnote), we are of the opinion that defendant's motion to dismiss in this case should be sustained because under the above statute-contract, when the defendant qualified to do business in the state, its waiver of jurisdiction as to person, as well as of regular civil process, was limited to actions or proceedings against it arising out of contracts and policies written in the state of Louisiana, or to suits over accidents occurring within the state of Louisiana. Clearly, the consent by the defendant was to be sued in the courts of Louisiana, state and federal, upon causes of action arising in that state.

"By designating an agent to receive service of process and consenting to be sued in the courts of the state, the corporation had consented to suit in the district court, being a court sitting for a district within the state and *applying there the laws of the state, and it had thus waived the venue provisions of § 51 of the Judicial Code* [28 U.S.C.A. § 112]. 308 U.S. [165] at 175, 60 S.Ct. [153], 84 L.Ed. 167, 128 A.L.R. 1437. Cf. B. & O. Railroad Co. v. Harris, 12 Wall. 65, 20 L.Ed. 354; Lafayette Ins. Co. v. French, 18 How. 404; 15 L.Ed. 451; Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853." (Italics ours.) Mississippi Publishing Corp. v. Murphree, supra.

■ Certain facts underlie this case which show the utter impracticability of a departure from that part of the italicized language above, "applying there the laws of the state." The contract of insurance clearly shows that it was designed to cover only the business and operations of the Durham Transportation Corporation within the state of North Carolina; that it is a contract executed, issued, and delivered in that state, subject to interpretation by the statutes and decisions of that state; that a "North Carolina rider and endorsement" is

attached thereto, providing that all statutes and the jurisprudence of North Carolina are made a part to control the rights and remedies of all persons. Under the law in North Carolina independent action against the insurer (as is provided in Louisiana by Act No. 55 of 1930) is explicitly prohibited by the statutes and the jurisprudence, and this particular prohibition is expressly mentioned in the contract.

Accordingly, we have to sustain the motion to dismiss. Such being the case, we need not pass upon the other phase of defendant's motion to dismiss, to-wit: "Failure to state a claim entitling complainant to relief."

Please present judgment accordingly for signature.