45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jay BERNARD, Plaintiff-Appellant,
v.
ABF FREIGHT SYSTEMS, INC., National Fire Insurance Company,
and Kansas Workers Compensation Fund, Plaintiffs,
v.
HUSKY TRUCK STOP, dba Goodland Car and Truck Plaza aka
Fastway, Inc., Defendant-Appellee.
 No. 94-3164.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1995.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff initially filed suit in federal district court based on diversity jurisdiction on July 24, 1991. After correcting an error in the named defendant, plaintiff served defendant's registered agent. That case was dismissed without prejudice on December 17, 1992. Plaintiff then filed the action that is the basis for this appeal on June 14, 1993, seeking damages for an accident on defendant's premises. A summons was issued, and plaintiff mailed the summons and a copy of the complaint to Husky Truck Stop, neither the proper defendant nor a person designated to receive service on behalf of the proper defendant. On December 28, 1993, the district court found that plaintiff had failed to execute proper service on defendant and recognized that, pursuant to Kan. Stat. Ann. 60-203(b), plaintiff had ninety days from the date of that order to effect proper service in order for the action to have commenced at the time the complaint was filed.
 
 
 3
 Thereafter, plaintiff attempted to serve defendant by mail on January 18, 1994. That mailing was returned by the post office as undeliverable because defendant was no longer at that address. Plaintiff's final service attempt was made on March 4, 1994, when plaintiff sent, by certified mail, a copy of the complaint and a "Notice of Lawsuit and Request for Waiver of Service for Summons;" no summons was included. That mailing was received by defendant on March 7, 1994. Defendant filed a motion to dismiss for lack of personal jurisdiction, arguing that it was never served in accordance with either Fed.R.Civ.P. 4 or the Kansas Code of Civil Procedure.
 
 
 4
 The district court granted defendant's motion to dismiss, finding that plaintiff failed to properly serve defendant under both federal and state law. Plaintiff appeals that dismissal, arguing that he did serve defendant with process and that the service was in substantial compliance with Kansas law.
 
 
 5
 We review de novo the district court's dismissal for lack of personal jurisdiction. Dobbs v. Chevron U.S.A., Inc., 39 F.3d 1064, 1067 (10th Cir.1994). Because we hold that plaintiff did not serve defendant with a summons as required by federal law, we affirm.
 
 
 6
 Fed.R.Civ.P. 4 requires issuance and service of a summons. In lieu thereof, Rule 4(d) sets forth a procedure by which a defendant may waive service of a summons. Compliance with the waiver provision requires that the waiver be executed by the defendant, returned to the plaintiff, and filed by the plaintiff with the court. Fed.R.Civ.P. 4(d). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.' " Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)(quoting Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-45 (1946)). Defendant was never served with a summons, as required by federal law, nor did it execute and return a waiver of service. Therefore, the district court was correct in dismissing the action for lack of personal jurisdiction.
 
 
 7
 Federal R. Civ. P. 4(h) and (e) provide that service upon a corporation from which a waiver of service has not been obtained may be effected in a judicial district of the United States "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State...." Plaintiff cites this provision as support for his reliance on Kansas law in arguing that defendant was effectively served. This provision permits reference to state law in determining methods of effecting service. It does not, as plaintiff seems to believe, defer to state law on the question of whether a summons must be served or what constitutes service. See Fed.R.Civ.P. 4, Supplementary Practice Commentary C4-19 ("If the defendant doesn't return the waiver ..., formal summons service becomes necessary, and subdivisions (e) through (j) supply the methods.").
 
 
 8
 The judgment of the United States District Court for the district of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470