STATE OF OHIO ex rel., Betty MONTGOMERY, Attorney General, Plaintiffs,

v.

LOUIS TRAUTH DAIRY, INC., et al., Defendants.

No. C–1–93–553.

United States District Court, S.D. Ohio, Western Division.

Jan. 19, 1996.

Mitchell L. Gentile, Ohio Attorney General, Columbus, OH, Louise Malbin Roselle, Stanley Morris Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Doreen Claire Johnson, Ohio Attorney General, Columbus, OH, for State of Ohio.

Louise Malbin Roselle, Amy Grossman Applegate, James Rubin Cummins, Brown, Cummins & Brown, Cincinnati, OH, Allen Paul Grunes, Stanley Morris Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Doreen Claire Johnson, Columbus, OH, for Lee Fisher.

G. Jack Donson, Jr., Taft, Stettinius & Hollister, Cincinnati, OH, Robert M. Stephens, Cotsirilos, Stephenson, Tighe & Streicker, Chicago, IL, for Louis Trauth Dairy, Inc., David E. Trauth, Dan Smith.

William J. Brown, Robert G. Cohen, Emens, Kegler, Brown, Hill & Ritter, Columbus, OH, for Borden Inc., Meadow Gold Dairies Inc.

Donald S. Scherzer, Kohrman, Jackson & Krantz, Cleveland, OH, for Reiter Dairy Inc., Broughton Foods Co.

John J. Eklund, Calfee, Halter & Griswold, Cleveland, OH, for Smith Dairy Products Company Inc.

Ralph E. Cascarilla, Walter & Haverfield, Cleveland, OH, for Goshen Dairy Company.

Richard L. Stoper, Jr., Gold, Rotatori & Schwartz Co. LPA, Cleveland, OH, for Superior Dairy Inc.

Robert P. Fitzsimmons, Fitzsimmons & Associates, Wheeling, WV, for United Dairy Inc.

## ORDER VACATING SUMMARY JURY TRIAL DATE

SPIEGEL, District Judge.

This matter is before the Court on the Defendants' Joint Motion to be Excused from Attendance at the Summary Jury Trial (doc. 480) and Defendants' Joint Motion to Contin-

ue the Summary Jury Trial (doc. 487), to which the State of Ohio responded (doc. 493). The Borden Defendants' Motion to be Excused from the Summary Jury Trial (doc. 482), Trauth Dairy's Motion to be Excused from the Summary Jury Trial (doc. 492), and the State's response (doc. 496).

The Defendants' motions raise two issues. First, whether the Court has the authority to order the parties to participate in a summary jury trial. Second, assuming we have the authority, whether the scheduled summary jury trial should be postponed.

On December 2, 1994, the Court scheduled a summary jury trial in this case set to begin on February 5, 1996. The Defendants have now moved for an order vacating the summary jury trial. The Defendants rely on a recent decision of the Sixth Circuit which held that "the provisions of Rule 16, as amplified by the Commentary Committee, do not permit compulsory participation in settlement proceedings such as summary jury trials." *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir.1993). For the following reasons, we conclude that *NLO* has been effectively overruled by Rule 16 as amended December 1, 1993.[1]

First, the Sixth Circuit analyzed the district court's power to order a summary jury trial under Rule 16 as it appeared prior to the December 1, 1993, amendment. The court did not address the district court's authority to order summary jury trials under Rule 16 as amended. Rule 16, as amended December 1, 1993, contains some significant,

if not somewhat subtle, changes relevant to the district court's authority in this area.

Rule 16, as amended, states in pertinent part,

**(c) Subjects for Consideration at Pretrial Conferences** At any conference under this rule consideration may be given, *and the court may take appropriate action*, with respect to

\*     \*     \*     \*     \*     \*

(9) settlement and the use of special procedures to assist in resolving the dispute *when authorized by statute or local rule*[.]

Fed.R.Civ.P. 16(c)(9) (as amended December 1, 1993). The old Rule 16 did not contain the reference to local rule authorization, nor did it contain the reference to "appropriate" action.[2]

▪ Furthermore, the Advisory Committee notes state in unambiguous terms that [t]he primary purpose of the changes in subdivision (c) are to ... eliminate questions that have occasionally been raised regarding the authority of the court to make *appropriate orders* designed either to facilitate settlement or to provide for an efficient and economical trial. The prefatory language of this subdivision is revised to clarify the court's power to enter *appropriate orders* at a conference *notwithstanding the objection of a party*.

\*     \*     \*     \*     \*     \*

The Rule acknowledges the presence of statutes and local rules or plans that may authorize use of some of these procedures

---

1. The Sixth Circuit also addressed whether under the court's inherent power it could order a summary jury trial notwithstanding a party's objection. *See NLO*, 5 F.3d at 158. The court held that "[r]eliance on the pure inherent authority of the court [to justify mandatory summary jury trials] is ... misplaced." *Id.* Our decision, however, is based solely on the authority expressly provided by congress under Rule 16 as amended, and thus *NLO* continues to be binding precedent with respect to its analysis of the district court's inherent authority. *See* Fed.R.Civ.P. 16, Advisory Committee notes (amended December 1, 1993) ("rule [16] does not attempt to resolve the questions as to the extent a court would be authorized to require such proceedings [i.e., summary jury trials] as an exercise of its inherent powers.").

2. Rule 16, provided in pertinent part,

    (c) Subjects to be Discussed at Pretrial Conferences. The Participants at any conference under this rule may consider and take action with respect to

    \*     \*     \*     \*     \*     \*

    (7) the possibility of settlement or the use of extrajudicial procedures to resolve the dispute;

    \*     \*     \*     \*     \*     \*

    (10) the need for adopting special procedures of managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems; and
    (11) such other matters as may aid in disposition of the action.
    Fed.R.Civ.P. 16.

[mini-trials, summary jury trials, mediation, etc.] *even when not agreed to by the parties.*

Fed.R.Civ.P. 16(c), Advisory Committee notes (emphasis added) (internal citations omitted).[3] As the Sixth Circuit observed, the "Supreme Court has established that 'in ascertaining [the] meaning [of the Rules] the construction given to them by the Committee is of weight.'" *NLO,* 5 F.3d at 157 (quoting *Mississippi Pub. Corp. v. Murphree,* 326 U.S. 438, 444, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946)) (alterations added by the Sixth Circuit). Thus, under the plain meaning of Rule 16 as amended, this Court has the authority to "take appropriate action" with respect to "special procedures [i.e. summary juries trials] to assist in resolving [a] dispute[,]" Fed.R.Civ.P. 16(c), (c)(9), "notwithstanding the objection of a party[ ]" *Id.* at Advisory Committee notes, "when authorized by . . . local rule." *Id.* at subdivision (c)(9).

Southern District of Ohio Local Rule 53.1 states in full,

---

3. We note that the Advisory Committee also cautioned that "[o]f course settlement is dependant upon agreement of the parties and, indeed, a conference is *most* effective and productive when the parties participate in a spirit of cooperation. . . ." Fed.R.Civ.P. 16(c), Advisory Committee notes (emphasis added).

4. Local Rule 53.1's approach *is not unique.* First, 28 U.S.C § 471 provides in relevant part,

   **Requirement for a district court civil justice expense and delay reduction plan**
      There shall be implemented by each United States district court, in accordance with this chapter, a civil justice expense and delay reduction plan. The plan may be developed by such district court or a model plan developed by the Judicial Conference of the United States.
   Additionally, 28 U.S.C. § 473 provides in pertinent part,
      (a) In formulating the provisions of its civil expense and delay reduction plan, each United States district court, in consultation with an advisory group appointed under section 478 of this title, shall consider and may include the following principles and guidelines of litigation management and cost and delay reduction:
      *        *        *        *        *        *
      (6) authorization to refer appropriate cases to alternative dispute resolution programs that—
         (A) have been designated for use in a district court; or

---

## ALTERNATIVE DISPUTE RESOLUTION

The Court may, *in its discretion,* assign any civil case for a *summary jury trial,* mandatory, non-binding arbitration hearing, settlement week conference, or other alternative method of dispute resolution.[4] It is readily apparent, therefore, that under Rule 16 as amended, considered in conjunction with Local Rule 53.1, it is within this Court's authority to *order* the parties in a civil action to participate in a summary jury trial, notwithstanding the objection of a party. We conclude that this holding does not run afoul of *NLO* because that holding addressed exclusively the pre–1993 amendment to Rule 16 and not Rule 16 as amended.

Having determined that the Court has power to order the parties to participate in a summary jury trial, we must determine whether the summary jury trial scheduled for February 5, 1996 should be postponed. Defendants have raised serious questions regarding the appropriateness of a summary jury trial at this juncture. Although a sum-

---

   (B) the court may make available, including mediation, mini-trial, and summary jury trial.
      In its **Model Civil Justice Expense and Delay Reduction Plan,** dated October 1992, the Judicial Conference of the United States provided the following model approaches regarding the assignment of cases for summary jury trial:
      *Alternative #1—Massachusetts*
      A. The Judicial Officer may convene a summary jury trial:
      1. With the agreement of all parties, either by written motion or their oral motion in court entered upon the record, or
      2. Upon the judicial officer's determination that a summary jury trial would be appropriate, *even in the absence of the agreement of all the parties.*

      *        *        *        *        *        *
      *Alternative #2—Ohio Northern*
      A. Eligible Cases. Any civil case triable to a jury *may be assigned* for a summary jury trial.
      B. Selection of Cases. A case may be selected for summary jury trial:
      1. By the Court at the Case Management Conference; or
      2. At any time
         a. *By the Court on its own motion;*
         b. By the Court on the motion of *one* of the parties; or
         c. By stipulation of all parties.
      *        *        *        *        *        *
   **Model Civil Justice Expense and Delay Reduction Plan,** at 74–75 (1992) (emphasis added).

mary jury trial is appropriate in light of the unusual nature and complexity of this case, we are persuaded that a summary jury trial at this point is premature.

A summary jury trial is a settlement device designed to give the parties a preview of the strength of their respective cases. Accordingly, a summary jury trial should track, as closely as possible, the posture of the trial on the merits. There are over 30 motions pending before the Court in this action. The Defendants have filed eleven separate motions for summary judgment. The Court also must decide on the admissibility of the Plaintiff's expert testimony. All of these motions are complex and involve voluminous records, including depositions, graphs and reports. Unfortunately, the Court will be unable to decide all of the pending motions prior to the present summary jury trial date.

Therefore, the summary jury trial on February 5, 1996, would be premature given the posture of the case at this time. Our decisions on the pending motions will determine what factual issues, if any, remain to be decided, which defendants remain in the case and whether severance or separate trials should be granted.[5]

Accordingly, the Court hereby VACATES the February 5, 1996, summary jury trial and RESETS the summary jury trial for May 8, 1996. The Trial on the merits is scheduled for June 24, 1996.

SO ORDERED.

---

**5.** If the Court were to grant a motion to sever or for separate trials, it still may be appropriate to have all parties involved in one summary jury trial.