CFMT, INC., et al., Plaintiffs,

v.

**STEAG MICROTECH, INC.,
et al., Defendants.**

**Civil Action No. 95–442–LON.**

United States District Court,
D. Delaware.

April 28, 1997.

---

Edward B. Maxwell, 2nd, Josy W. Ingersoll, of Young, Conaway, Stargatt & Taylor, Wilmington, DE (Thomas B. Kenworthy, of Morgan, Lewis & Bockius L.L.P., Philadelphia, PA, of counsel), for Plaintiffs.

Arthur G. Connolly, Jr., of Connolly, Bove, Lodge & Hutz, Wilmington, DE, for Defendant Steag Microtech, Inc.

Kent A. Jordan, Michael A. Weidinger, of Morris, James, Hitchens & Williams, Wilmington, DE, for Defendant Steag Microtech GmbH Donaueschingen.

## OPINION

LONGOBARDI, District Judge.

Plaintiffs CFMT, Inc. and CFM Technologies, Inc. brought a one count complaint against defendants Steag Microtech, Inc. ("SMTI") and Steag Microtech GmbH Donaueschingen ("SMTD"), asserting that products manufactured by SMTD and sold in the United States by SMTI infringe their United States Patent No. 4,911,761 ("the '761 patent"), entitled "Process and Apparatus for Drying Surfaces." This Court referred this matter to The Honorable Mary Pat Trostle, United States Magistrate–Judge for the resolution of all matters arising prior to the completion of discovery.

On April 18, 1996, SMTD filed a motion to dismiss for lack of personal jurisdiction. Magistrate–Judge Trostle issued an order directing SMTD to withdraw its motion without prejudice, pending the completion of discovery on jurisdictional issues. On November 18, 1996, SMTD renewed its motion to dismiss for lack of personal jurisdiction. In a Report and Recommendation dated January 9, 1997, Magistrate–Judge Trostle recommended that this Court grant SMTD's motion to dismiss. Plaintiffs timely filed objections to the Report and Recommendation. Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, this Court is required to conduct a *de novo* review of the Magistrate–Judge's decision based on the record before the Court. For the reasons stated herein, the Court agrees with Magistrate–Judge Trostle's Report and Recommendation, and, therefore, will grant SMTD's motion to dismiss.

## I.

SMTD is a German business organization located in Donaueschingen, Germany.[1] SMTD manufactures Marangoni dryers which allegedly incorporate the drying process claimed in the '761 patent. SMTD does not sell the allegedly infringing products in the United States. Instead, SMTD sells its dryers to SMTI, an independent company. These sales typically result when SMTD accepts SMTI's individual orders in Germany. Upon acceptance of SMTI's order, SMTD ships the dryers FOB Germany to various locations in the United States specified by SMTI. In addition, SMTD sends its employees to the United States to assist SMTI employees with complicated installation or service of the dryers. At no time has SMTD ever shipped its dryers or sent its employees to Delaware.

## II.

Plaintiffs have the burden of proof to establish the existence of personal jurisdiction. *Sears, Roebuck & Co. v. Sears plc,* 744 F.Supp. 1289, 1291 (D.Del.1990). The determination of whether this Court can exercise jurisdiction over SMTD presents a two-part inquiry. First, plaintiffs must establish that there is statutory authority for the exercise of jurisdiction over SMTD. *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 409–10, 98 L.Ed.2d 415 (1987). If such authority exists, plaintiffs must establish that the exercise of jurisdiction in this case comports with the Due Process Clause of the Fifth Amendment. *See Max Daetwyler Corp. v. Meyer,* 762 F.2d 290, 293 (3d Cir.1985). Plaintiffs contend that Rule 4(f) of the Federal Rules of Civil Procedure provides this Court with statutory

---

1. The jurisdictional facts are undisputed and are set forth in SMTD's answers to interrogatories.

[Docket Item 179, Exhibits 2A and 3].

authority to exercise jurisdiction over SMTD. Plaintiffs further contend that the exercise of jurisdiction does not offend due process under a "national contacts analysis."

The United States Supreme Court explored the first prong of the jurisdictional inquiry in *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). The Court indicated that a defendant's amenability to service of summons is the touchstone for the statutory authority of a district court to exercise jurisdiction over that defendant. *Id.* at 104, 108 S.Ct. at 409 ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.") (quoting *Mississippi Publ'g Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946))(alteration in original). At the time of that case, amenability to service of summons was governed by Rules 4(e) and 4(f). *Id.* at 104–05, 108 S.Ct. at 409–10. Rule 4(f) authorized service "anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state." *See id.* at 104 n. 7, 108 S.Ct. at 410 n. 7. The latter part of that provision referred to Rule 4(e), which provided that an out-of-state defendant is amenable to service when such service is authorized by either a federal statute or a state statute or rule. *See id.* at 105, 108 S.Ct. at 410. Accordingly, at the time of *Omni,* "a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service" outside the state's borders, pursuant to Rules 4(f) and 4(e).

Subsequent to the decision in *Omni,* Rule 4 was completely overhauled by amendments effective December 1, 1993. Rule 4(k) replaces prior subdivisions (e) and (f) of Rule 4 and governs a defendant's amenability to service of summons under present law, and, concomitantly, the statutory authority to exercise personal jurisdiction over a defendant. *See* David D. Siegel, Fed.R.Civ.P. 4, *Supplementary Practice Commentaries,* § C4–2;

*see also id.,* Advisory Committee Notes, 1993 Amendments, Subdivision (k). Rule 4(k) entitled "Territorial Limits of Effective Service" provides, in relevant part:

(1) Service of a summons ... is effective to establish jurisdiction over the person of a defendant

(A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or

(D) when authorized by a statute of the United States.

(2) If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons ... is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Thus, like prior subdivisions (e) and (f) of Rule 4, the present Rule grants a district court the statutory power to exercise jurisdiction over an out-of-state defendant when authorized by the long-arm statute of the forum state or by federal statute. In addition, the present Rule provides statutory authority for the exercise of jurisdiction over foreign defendants who are not subject to personal jurisdiction in any state.

Plaintiffs rely on present Rule 4(f), which they contend authorizes worldwide service over alien defendants, in asserting that SMTD is amenable to service. Rule 4(f) in its present form provides, in relevant part:

Unless otherwise provided by federal law, service ... may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents....

It is not contested that plaintiffs effected service in compliance with Rule 4(f)(1). Plaintiffs contend that their compliance with Rule 4(f)(1) provides this Court with statuto-

ry authority to exercise personal jurisdiction over SMTD. This position is untenable.

Rule 4(f) governs the method of effecting service on a defendant and not a defendant's amenability to service. *See* Siegel, *supra,* § C4–19 ("Subdivisions (e) through (j) supply the methods of service for the various categories of defendants, a separate subdivision being allocated to each category.") Subdivision (f), governing the methods of service on individuals abroad, and its companion, subdivision (e), which sets forth the methods of serving individuals in the United States, do not provide a basis for the statutory exercise of jurisdiction over a defendant.

The distinction between the methods of effecting service and amenability to service is illustrated by the discussion of subdivision(e)(1) in the Supplementary Practice Commentaries that accompany Rule 4. Subdivision (e)(1) prescribes that service may be effected in accordance with either the law of the state in which the district is located or of the state in which service is effected. Conversely, subdivision (k)(1)(A) provides that service is effective to establish personal jurisdiction over a defendant only if it is in accordance with the law of the district court's home state. The Commentaries address the question of whether subdivision (e)(1) expands the statutory jurisdiction of a district court, or merely delineates the methods of effecting service:

> The answer is that [subdivision (e)(1)] is concerned only with mechanics. The question of where the service may be made— amenability to service or jurisdictional basis, to use other synonymous descriptions—is separately governed by subdivision (k), and insofar as adoption of state law bases is concerned, paragraph (1) of subdivision (k) adopts for federal use only the extraterritorial bases recognized by the law of the forum state, not the state of service. It is only for the mere mechanics of service that paragraph (1) of Rule 4(e) permits borrowing from either.

*Id.* § C4–22; *accord* Fed.R.Civ.P. 4, Advisory Committee Notes, 1993 Amendments, Subdivision (e) ("Service of the summons under [subdivision (e)] does not conclusively establish the jurisdiction of the court over the person of the defendant. A defendant may assert the territorial limits of the court's reach set forth in subdivision (k) . . .").

These same considerations apply with equal force to subdivision (f). Like subdivision (e), this provision addresses only the methods of effecting service and does not purport to expand the territorial limits of a district court's jurisdictional reach set forth in Rule 4(k). As the Advisory Committee Notes to the 1993 Amendments state, "[w]hile the methods of service so authorized always provide appropriate notice to persons against whom claims are made, effective service under this rule does not assure that personal jurisdiction has been established over the defendant served."

Moreover, plaintiff's assertion that Rule 4(f) renders a foreign defendant amenable to service worldwide is incongruous with subdivision (k)(2), which was added by the 1993 Amendments. As indicated previously, Rule 4(k)(2) provides that service of summons confers personal jurisdiction for federal claims over only those defendants who are not subject to personal jurisdiction in any state. This provision was designed to allow a court to exercise jurisdiction over a defendant located in a foreign country.[2] If, as plaintiffs assert, Rule 4(f) authorizes worldwide service over foreign defendants, the limitation on the jurisdictional reach of a district court over foreign defendants set forth in Rule 4(k)(2) would be meaningless.

Accordingly, this Court rejects plaintiffs' assertion that it is statutorily authorized to exercise jurisdiction over SMTD because service was made in compliance with Rule 4(f). This Court possesses statutory authority to

---

**2.** The purpose of this provision was to correct the jurisdictional gap recognized by the Supreme Court in *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). *See* Fed.R.Civ.P. 4, Advisory Committee Notes, 1993 Amendments, Subdivision (k). Under prior law, an alien defendant who was not subject to the long-arm statute in any single state was shielded from suit in any court within the United States. *See Omni,* 484 U.S. at 111, 108 S.Ct. at 413. Because Rule 4(k)(2) was designed to remedy this problem, this provision clearly pertains to defendants served pursuant to the methods set forth in Rule 4(f).

exercise personal jurisdiction over SMTD only if service of SMTD satisfies one of the jurisdictional prerequisites set forth in Rule 4(k).

### III.

■ Pursuant to Rule 4(k), SMTD is not amenable to service in this case. Plaintiffs do not assert, and this Court has not found, a federal statute authorizing service of SMTD in this case. Likewise, plaintiffs do not assert that service of SMTD is authorized by the Delaware long-arm statute, Del.Code Ann. tit. 10, § 3104 (1996). The record before the Court establishes that SMTD transacts no business and supplies no services in the State of Delaware. Accordingly, the Court concludes that service of SMTD is not authorized by the Delaware long-arm statute.

Finally, this Court cannot exercise jurisdiction over SMTD pursuant to Rule 4(k)(2), because SMTD is subject to personal jurisdiction in at least one state. SMTD ships its products to California and sends its employees to provide services in California. California's long-arm statute authorizes the exercise of jurisdiction on any basis not inconsistent with its state or the federal Constitution. Cal.Civ.Proc.Code § 410.10 (West 1996). The constitutional touchstone for the power of a court to exercise personal jurisdiction over a non-resident defendant is whether the defendant purposely established minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 476, 105 S.Ct. 2174, 2183, 2184, 85 L.Ed.2d 528 (1985). The constitutional standard is satisfied where a plaintiff's claim arises from the defendant's act of shipping his product into the forum state. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) ("The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."); *Max Daetwyler*, 762 F.2d at 295 n.

6. SMTD is therefore subject to personal jurisdiction in California. Accordingly, this Court may not assert jurisdiction over SMTD under Rule 4(k)(2), because SMTD is subject to personal jurisdiction in at least one state.

Moreover, the exercise of jurisdiction over SMTD is proscribed by the Due Process Clause of the Fifth Amendment. In the absence of a federal statute or rule authorizing nationwide or worldwide service of process, a court may not exercise jurisdiction on the basis of a defendant's national aggregated contacts. *See Max Daetwyler*, 762 F.2d at 295. Personal jurisdiction must instead be established on the basis of the defendant's contacts with the forum state. *See id.*

There is no statute which authorizes nationwide or worldwide service of process in the present case. Jurisdiction over SMTD must therefore be establish on the basis of its contacts with Delaware. Based on the record before the Court, there are no contacts between SMTD and Delaware. SMTD does not ship its products to Delaware or send its employees to provide services Delaware. Further, there is no evidence that one of SMTD's products was ever used in the State of Delaware. There was no purposeful contact by SMTD with Delaware, and thus, there is no constitutional basis for exercising jurisdiction over SMTD. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed.Cir.1994)(citing *World–Wide Volkswagen*, 444 U.S. at 298, 100 S.Ct. at 567–68).

Accordingly, this Court has neither statutory nor constitutional authority to exercise jurisdiction over SMTD. SMTD's motion to dismiss for lack of personal jurisdiction will therefore be granted.