**In re Dora TAPIA, Debtor.**

**Rosie L. Schmitt, Plaintiff,**

v.

**Gabriel Sauz, Dora Tapia, Defendants.**

**Rosie L. Schmitt, Plaintiff,**

v.

**Gabriel Sauz, Dora Tapia, Defendants.**

**Bankruptcy No. 99–42142–13. Adversary Nos. 99–7108, 99–7109.**

United States Bankruptcy Court, D. Kansas, Topeka Division.

Jan. 31, 2000.

---

**10.** *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

**11.** 212 B.R. 1019 (M.D.Fla.1997)

**12.** *Id.* at 1020–21.

William E. Metcalf, Metcalf & Justus, Topeka, KS, for Debtor.

Dale Somers & Anne L. Baker, Wright, Henson, Somers, Sebelius, Clark & Baker, Topeka, KS, for Plaintiff.

Jan Hamilton, Topeka, KS, Chapter 13 Trustee.

## ORDER DENYING MOTIONS TO VACATE ORDERS OF REMAND

JAMES A. PUSATERI, Chief Judge.

These proceedings are before the Court on identical motions to vacate filed by defendant-debtor Dora Tapia. The debtor appears by counsel William E. Metcalf. Plaintiff Rosie L. Schmitt appears by counsel Anne L. Baker and Dale L. Somers. The Court has reviewed the relevant pleadings and is now ready to rule.

The debtor's motions contend that the Court did not have personal jurisdiction over her when it entered orders remanding these proceedings to the state court from which she had removed them. The Court finds it rather remarkable for a party that brought proceedings to this Court to contend the Court does not have personal jurisdiction over her in those proceedings. The plaintiff served her motions to remand the proceedings by mailing them to the debtor's attorney, but not to the debtor personally. This supplies the factual basis for the debtor's motions. The debtor's attorney does appear to have discovered an odd facet of the Federal Rules of Bankruptcy Procedure, but the Court is convinced that the debtor does not have standing to object to one of the remand orders, and that the plaintiff's failure to comply with the strict letter of the Rules did not affect any substantial rights of the debtor and does not justify vacating the other remand order.

In Adversary No. 99–7109, the Court granted the plaintiff's unopposed motion to dismiss the debtor from the proceeding, and then remanded it to the state court. Even if the Court did not have personal jurisdiction over the debtor, this action was permissible. In fact, dismissal of claims asserted against a party of whom the Court does not have personal jurisdiction is the normal remedy for that

defect. *See* 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Pro.: Civil 2d, § 1351 at 260 (1990). Since the debtor is no longer a party to Adversary No. 99–7109 (assuming she ever was one), she has no standing to object to the order remanding it to state court. She clearly has not stated a basis for vacating the remand order in that proceeding.

■ The debtor's motion to vacate raised a more substantial question in Adversary No. 99–7108. Federal Rule of Bankruptcy Procedure 9027 establishes the procedure for removal of civil lawsuits to bankruptcy courts pursuant to 28 U.S.C.A. § 1452. Rule 7001(10) declares that a removed claim or cause of action is an adversary proceeding. Rule 9027(g) provides that the Rules of Part VII of the Federal Rules of Bankruptcy Procedure—the adversary proceeding rules—apply to a removed case "and govern procedure after removal." Before Rule 9027 was amended in 1991, subdivision (e) read in pertinent part: "A motion for remand of the removed claim or cause of action shall be filed with the clerk and served on the parties to the removed claim or cause of action." Under the Rules at that time, this Court would have concluded a motion for remand was simply a part of the adversary proceeding created by the removal. The 1991 amendment, however, besides redesignating (e) as (d) and the former (h) as the current (g), altered the former (e) to read in pertinent part: "(d) **Remand.** A motion for remand of the removed claim or cause of action shall be governed by Rule 9014 and served on the parties to the removed claim or cause of action." Rule 9014 governs contested matters, which this Court had generally thought of as disputes that arose in a bankruptcy case but were not a part of any adversary proceeding. Nevertheless, the Advisory Committee Notes for the 1991 amendment of Rule 9027 state that subdivision was amended, in part, "to clarify" that a remand motion is a contested matter. This seems to constitute a change rather than a clarification,

in this Court's view. In any event, with Rule 9014 now applicable to remand motions, it is clear that the plaintiff failed to serve her motion to remand properly.

Rule 9014 provides in pertinent part:

In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court orders an answer to a motion. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004.

The debtor correctly points out that Rule 7004 requires service by mail to be sent to a debtor personally as well as to his or her attorney. *See* FRBP 7004(b)(9). Thus, even though the debtor was already a party to the state court suit that became Adversary No. 99–7108 when she removed it—indeed, it had been decided, appealed, and remanded to the trial court—and would seem to have entered a voluntary appearance before this Court by removing the suit here, these Rules, taken together, indicate that the plaintiff was required to serve her remand motion on the debtor personally as though commencing a new adversary proceeding against her or seeking relief that was not an integral part of the adversary proceeding that was already pending.

■ The question remains, however, whether the plaintiff's failure to serve the debtor personally means, as *the debtor* argues, that the Court did not have personal jurisdiction over the debtor so that the remand order must be vacated pursuant to Rule 9024. The plaintiff suggests Rule 9005, the harmless error rule for cases under the Bankruptcy Code, should preclude such relief in Adversary No. 99–7108. That Rule adopts Civil Rule 61, which provides in pertinent part:

[N]o error or defect in any ruling or order or in anything done or omitted . . . by any of the parties is ground . . . for

vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

The debtor contends that the Court did not have personal jurisdiction of her when it granted the plaintiff's remand motion, but suggests no other prejudice she suffered as a result of the plaintiff's failure to serve the remand motion on her personally. So long as the Court had personal jurisdiction of the debtor, the Court is convinced that failure was harmless.

The Tenth Circuit has explained the purpose of Federal Rule of Civil Procedure 4, the civil equivalent of Bankruptcy Rule 7004, this way:

> Personal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit. *See Hagmeyer v. United States Dep't of Treasury,* 647 F.Supp. 1300, 1303 (D.D.C.1986) (citing 4 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure[: Civil 2d] § 1063 [(1987)]). Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served. *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, [108 S.Ct. 404, 98 L.Ed.2d 415] (1987) (citing *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–45, [66 S.Ct. 242, 90 L.Ed. 185] (1946)).

*Oklahoma Radio Assocs. v. FDIC,* 969 F.2d 940, 943 (10th Cir.1992). The debtor had not only answered the plaintiff's complaint in the state court suit that became Adversary No. 99–7108, but also appealed a judgment that was entered against her, so she obviously received notice long ago

of the commencement of the action against her. The ritual assertion of jurisdiction over the lawsuit also already occurred in the state court. Further, since a party served with a summons and complaint that commences an adversary proceeding or a civil lawsuit can waive objections to personal jurisdiction by failing to raise the defense in her first responsive pleading, *see* Fed. R. Bankr.P. 7012(b); Fed. R.Civ.P. 12(g) & (h)(1), the debtor should be considered to have waived any objections she could have raised to this Court's jurisdiction over her person by voluntarily taking action to remove the case here. At least one federal district court has taken this view of removal, ruling that a party had made an appearance and consented to the court's jurisdiction over it by removing a case there, thus waiving any personal jurisdiction defense it might otherwise have had. *Lomaglio Associates Inc. v. LBK Marketing Corp.,* 876 F.Supp. 41, 43–44 (S.D.N.Y.1995). Under the circumstances, the Court is convinced that before the plaintiff filed and served her motion to remand, the debtor had already consented to the Court's exercise of personal jurisdiction over her. Consequently, the plaintiff's failure to serve the debtor with the motion to remand was nothing more than harmless error.

For these reasons, the Court concludes the debtor's motions to vacate the orders of remand should be and they are hereby denied. The plaintiff has filed renewed motions to remand in both proceedings. This order renders those motions moot, so they are denied as well.

IT IS SO ORDERED.