## UNITED OFFICE AND PROFESSIONAL WORKERS OF AMERICA v. SMILEY et al.

### No. 5567.

District Court, E. D. Pennsylvania.

Aug. 20, 1946.

Leonard B. Boudin, of New York City, Edmonds, Obermeyer & Rebmann and David F. Maxwell, all of Philadelphia, Pa., and Boudin, Cohn & Glickstein, all of New York City, for plaintiff.

James H. Duff, Atty. Gen. of Pa., M. Louise Rutherford, Deputy Atty. Gen., and George L. Reed, Sol. Pa. Labor Relations Board, of Harrisburg, Pa., for defendant.

Joseph W. Henderson, of Philadelphia, Pa., for Prudential Ins. Co.

GANEY, District Judge.

This matter is before the court on a petition of the United Office and Professional Workers of America for an injunction against D. W. Smiley, Leo Abernathy and Malcolm B. Petriken, constituting the Pennsylvania Labor Relations Board, to enjoin them in their official capacity from conducting an election for the purpose of determining who shall be the bargaining representative for the Industrial Insurance Agents of the Prudential Insurance Company of America, and from taking any other action in connection with proceedings for the election and certification of such bargaining representative.

The complainant, the United Office and Professional Workers of America (herein after referred to as United), an unincorporated association, is a labor union, affiliated with the Congress of Industrial Or-

ganizations, and is composed, as its name indicates, of office and professional workers of all types, including insurance agents, throughout the United States. On January 15, 1943, United was designated by the Agents of the Prudential Insurance Company of America (herein after referred to as Prudential) throughout the States of the United States, with a few exceptions,[1] as their duly authorized collective bargaining agent.[2] On February 1, 1943, United and Prudential entered into a collective labor agreement covering the employees of that unit. Since that time, the employees of that unit have continued to work under labor agreements entered into between United and Prudential. At the time this action was brought, the labor agreement was still in effect.

Beginning on November 27, 1944, the American Federation of Industrial and Ordinary Insurance Agents' Council (herein after referred to as Council), a labor organization affiliated with the American Federation of Labor, and the International Union of Life Insurance Agents, Unaffiliated (herein after referred to as International), an independent labor organization, filed various petitions with the National Labor Relations Board (herein after referred to as the National Board) seeking certification of their union as the bargaining representative for all industrial agents of Prudential working in the States of California, Illinois, Indiana, Iowa and Oklahoma, alleging as appropriate units the Prudential's Agents employed on a state basis. United was made a party to, and actively participated in, the proceedings before the National Board.

On January 11, 1945, Council also presented a petition to the Pennsylvania Labor Relations Board (herein after referred to as the State Board) for the purpose of being certified as the bargaining representative of the industrial agents of Prudential working in the State of Pennsylvania, and asked it to conduct an election among those agents.

On May 19, 1945, the National Board dismissed the petitions for elections, filed by Council and International on the ground that state-wide units of Prudential's employees were inappropriate for the purposes of collective bargaining by reason of the history of collective bargaining between United and Prudential, the highly integrated and centralized business character of Prudential, and the nation-wide organization of the Prudential's Agents by United. Matter of Prudential Insurance Company of America, Cases Nos. R-5141-45, 61 N.L.R.B. 1289.

On January 15, 1946, the State Board, after it had concluded that "all industrial insurance agents of the Prudential Insurance Company of America licensed and working exclusively in the Commonwealth of Pennsylvania, including those agents whose debits are partly in Pennsylvania and partly in Ohio, or whose debits are partly in Pennsylvania and partly in Maryland, (but excluding certain named groups of employees) constitute, for the purpose of collective bargaining, an appropriate unit,"[3] ordered an election, by secret ballot for the purpose of ascertaining the representative for the purpose of collective bargaining, among the employees of Prudential who are engaged as industrial insurance agents, to be held on February 5th, 6th and 7th, 1946. United seeks to enjoin, in this court, the State Board from holding this election.

The complaint contends that this action arises under the Constitution of the United States, Article 1, Section 8[4] and the Nation-

---

[1] Delaware, Indiana, Minnesota, Ohio, Virginia, Wisconsin, and the District of Columbia.

[2] Matter of Pennsylvania Labor Relations Board v. Prudential Insurance Company of America, Case No. 25, year of 1943, an opinion by the Pennsylvania Labor Relations Board.

[3] Prudential Insurance Company of America's Employees Case, No. 4, Year of 1945.

[4] The appropriate clause of the Article and Section of the Federal Constitution referred to is evidently the Commerce Clause which provides: "The Congress shall have power * * * to regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." Article 1, § 8, cl. 3.

al Labor Relations Act, 49 Stat. 449–57, as amended, 29 U.S.C.A. §§ 151 to 166.

In support of this contention, the complaint alleged that the order of the State Board to hold an election to determine who should be the bargaining representative for the industrial insurance agents of Prudential on a state-wide basis was unconstitutional and for that reason the State Board was without jurisdiction to make such an order by reason of the action taken by the National Board in Matter of Prudential Insurance Company of America, supra, which superceded the authority of the State Board in this matter.

The prayer for relief asked for both a preliminary and a permanent injunction and for such other relief to which the complainant may be entitled.

At a hearing on a motion for a temporary restraining order the defendant orally raised the question of improper venue, the jurisdiction of this court over the person of the defendant and the subject matter of this case. In order to meet the defendants' objection to the venue, the complainant moved to amend the complaint to bring Prudential, a corporation organized and existing under the laws of New Jersey and doing business, in addition to almost every state in the union, in the Eastern District of Pennsylvania, on the record as a co-defendant, and Prudential entered no objection. The defendant however objected to the good faith of the amendment.

The motion for a temporary restraining order was allowed for a period of ten days. On February 5, 1946, while this order was in force, the defendant filed a motion to dismiss the complaint for want of sufficient allegations on which equitable relief could be granted. On the same day Council was permitted to intervene[5] as a party defendant, and the temporary restraining order, by agreement of the parties, was extended to March 18, 1946, which date was set for the hearing of the application for a permanent injunction. This application was further continued and on April 25, 1946 defendants filed its supplemental motion to dismiss and by agreement of parties the matter was to be disposed of by the court on briefs filed.

The first question for our determination is: does this court have jurisdiction over the subject matter of the action?

In my opinion, the allegations of the complaint, which must be presumed to be true, are sufficient to give this court jurisdiction over the subject matter of this action by virtue of Sec. 24(8) of the Judicial Code, 28 U.S.C.A. § 41(8), which provides that the District Courts shall have jurisdiction: "Of all suits and proceedings arising under any law regulating commerce." American Federation of Labor, et al. v. Watson, Atty. Gen. of Florida, et al., 327 U.S. 582, 66 S.Ct. 761, 765, 90 L.Ed. 873. When the District Courts have jurisdiction under this section, the amount in controversy is immaterial and therefore allegation and proof of a jurisdictional amount are unnecessary. Parker v. Brown, 317 U.S. 341, 349, 63 S.Ct. 307, 87 L.Ed. 315; 1 Moore, Federal Practice, p. 510.

Whether the claim is correct or that injunctive relief will follow, is a question which goes to the merits.

The next question for our determination is: has proper service been made on the defendant or has the venue been properly laid in this Court?

But first we must answer complainant's contention that the defendant has waived all objections to service of process and improper venue by appearing and moving to dismiss the complaint for want of equity and its appearance to argue in support of that motion. There is no longer any merit to such a contention. The attention of the complainant is directed to Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c and the opinion of Judge Maris of the Third Circuit in Orange Theatre Corporation v. Ravheratz Amusement Corporation, et al., 3 Cir., 139 F.2d 871. See also Martin v. Lain Oil & Gas Co., D.C., 36 F.Supp. 252.

The complainant also claims that under the Rules of Civil Procedure the de-

---

5 Rule 24(b) (2) of the Federal Rules of Civil Procedure.

fendant can be served anywhere within the State in which the proper district for trial is located. The complainant is evidently referring to Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, wherein it is provided that "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held * * *." This rule neither enlarges the jurisdiction of the District Courts over the subject matter of a suit nor makes a change in the existing statutes relating to venue. Mississippi Publishing Corporation v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185. Rule 4(f) simply provides that after presupposing the defendant is sued in the proper district, that he may be served anywhere in the State. Merely because a defendant may be served anywhere in the States does not mean that he may be sued in a like manner.

 In this case service was made on the defendant by the United States Marshal leaving with a clerk temporarily in charge of the place where hearings are held by the State Board in Philadelphia, which is in the Eastern District of Pennsylvania, three copies of the summons and the complaint for each member of the State Board, which included D. W. Smiley who is chairman of that Board.[6] But as the United States Supreme Court said in Robertson v. Railroad Labor Board, 268 U.S. 619, at page 623, 45 S.Ct. 621, at page 623, 69 L.Ed. 1119: "It is obvious that jurisdiction, in the sense of personal service within a district where suit has been brought, does not dispense with the necessity of proper venue," and in Mississippi Publishing Corporation v. Murphree, supra, 326 U.S. at page 444, 66 S.Ct. at page 246: "The service of summons is the procedure by which a court having venue[7] and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."

 Sections 69 and 103 of the Judicial Code, as amended, 28 U.S.C.A. §§ 141, 184, provide: "The United States are divided into judicial districts as follows: * * *."

"The State of Pennsylvania is divided into three judicial districts, to be known as the eastern, middle, and western districts of Pennsylvania. The eastern district shall include the territory embraced * * * in the counties of * * * Philadelphia. * * * The middle district shall include the territory * * * in the counties of * * * Dauphin * * *."

Section 51 of the Judicial Code, as amended, 28 U.S.C.A. § 112, provides in part: "* * * except as provided in sections 113–118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; * * *."

Section 52 of the Judicial Code, as amended, 28 U.S.C.A. § 113, provides: "When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, *residing in different districts of the State,* it may be brought in either district, * * *."

Section 4(e) of the Pennsylvania Labor Relations Act,[8] which created the State Board, states in part: "The principal office of the board shall be in the city of Harrisburg, but it may meet and exercise any or all of its powers at any place."

Harrisburg is located in Dauphin County, which is in the Middle District of Pennsylvania. It need hardly be mentioned that this suit is not of a local nature. Therefore it would appear that the venue in this case, unless the defendants agree otherwise, should be in the Middle District of Pennsylvania. Baltimore & Ohio R. Co. v. Board of Public Works of West Virginia, D.C.N.D.W.Va., 17 F.Supp. 170; also see International Molders Union of North America v. N.L.R.B., D.C.E.D.Pa., 26 F. Supp. 423.

 The next question for determination is: did the joinder of Prudential as a co-defendant "cure" the improper venue?

---

6 See Rule 4(d) (6) of the Federal Rules of Civil Procedure.
7 Italics ours.
8 Act of June 1, 1937, P.L. 1168, No. 294, Sec. 4, as amended, 43 Purdon Statutes § 211.4(e).

To begin with before this court could have jurisdiction over the person of the defendant (State Board) Prudential "must be a necessary party to the suit and not merely a nominal or formal party, since it is settled that in the federal courts regard is to be had to the real rather than to the nominal parties, and that the joining of merely nominal or formal parties cannot have the effect of excluding jurisdiction * * * or of conferring it." Nakken Patents Corporation v. Westinghouse Electric & Mfg. Co. et al., D.C., 21 F.Supp. 336, 337. It appears too obvious for discussion that Prudential is not an indispensible party. However, for the purpose of this discussion, we shall assume that it is a necessary party.

■ Prudential could not have been made a party to this suit brought in this district against its will. A foreign corporation, even though it does business within a state and has complied with state statutes with regard to registration and consents to be sued in the courts of the state or has appointed a person upon whom process may be served, is not a resident of the State within the meaning of Sec. 52 of the Judicial Code. For purpose of jurisdiction a corporation is a citizen or resident only of the state of its organization. In re Keasboy & Mattison Co., 160 U.S. 221, 229, 16 S.Ct. 273, 40 L.Ed. 402; Beech-Nut Packing Co. v. P. Lorillard Co., D.C.S.D.N.Y., 287 F. 271. Also see Venue of Actions against Foreign Corporations in the Federal Courts (1940) 53 Harv.L.Rev. 660, 665.

■ We must concede that venue in most cases is a personal requirement for the convenience of the party sued which may be waived by him at his pleasure (Industrial Ass'n v. Commissioner, 323 U.S. 310, 313, 65 S.Ct. 289, 89 L.Ed. 260), or which he may be estopped to assert by his failure to raise the question within the time required by the Rules of Civil Procedure. Orange Theatre Corp. v. Rayheistz Amusement Corporation, supra.

■ In this case, Prudential, a foreign corporation, waived its right to object to improper venue and consented to be made a co-defendant in this case. But this can have no effect on the defendants' right to object to the venue. The fact that a party is properly before the court does not always permit another party from raising the question of venue or jurisdiction over his person. Ladew v. Tennessee Copper Co., 218 U.S. 357, 31 S.Ct. 81, 54 L.Ed. 1069.

■ If we still assume that Prudential is a proper party, it is nevertheless a little difficult to understand, why it was joined as a co-defendant in this suit. It will of course be interested in the outcome of such an election. For if a new bargaining agent were chosen, it would mean new negotiations looking toward the execution of a contract. It would be natural to assume that while they assert no position one way or another, Prudential would be opposed to a proceeding which would change the status quo. Therefore it would seem that if Prudential is a proper party, it should have joined as a plaintiff on the complainant's side. This court could order done since it has the power to realign parties to a suit in order to conform to their true interest. If this were done and Prudential made a party on the plaintiff's side, Section 52 of the Judicial Code would be inapplicable to the case and Section 51 thereof would govern, which requires that suit be brought in the district wherein the defendant resides, and as has been indicated, that is Dauphin County, in the Middle District.

Accordingly, the temporary restraining order is dissolved and the complaint dismissed, without prejudice, for want of venue.