**UNITED DAIRY FARMERS COOPERA-
TIVE ASSOCIATION, Plaintiff,**

v.

**MILK CONTROL COMMISSION OF the
COMMONWEALTH OF PENNSYLVA-
NIA and its Chairman, J. Lin Huber,
and Joab K. Mahood and Mary T. Den-
man, Members of said Commission and
Attorney General William Sennet of the
Commonwealth of Pennsylvania, De-
fendants.**

**Civ. A. No. 68–503.**

United States District Court
W. D. Pennsylvania.

May 14, 1969.

**2**

Paul A. Simmons, Monongahela, Pa., for plaintiff.

Charles M. Guthrie, Asst. Atty. Gen., Harrisburg, Pa., for defendants.

## OPINION

WEBER, District Judge.

This is another attack on the notorious Pennsylvania Milk Control Law. In over two decades of public life I have not heard a good word said on its behalf. Governors and legislatures have come, promising reform, and gone, but the Milk Control Commission remains, although under a different name.

The plaintiff cooperative association was a dealer licensed by the Commission to sell milk. Licenses are reissued annually, but a hearing is required before the reissuance can be denied. In this case plaintiff alleges that the Commission failed to reissue its license prior to the expiration date, and thereafter issued a show cause order to plaintiff on the proposed denial of its license for selling milk below the established minimum retail price. The device used by plaintiff was the sale of milk through a cooperative enterprise where the profits are distributed to the consumers, enabling them to buy milk at less than the Commission mandated minimum.

The plaintiff could not continue to sell milk without its license, which the Commission had let expire, and the Commission thereafter proposed to refuse a renewal. The plaintiff could not sell milk without further violating the law and facing severe criminal penalties, as well as the denial of its license. Plaintiff's suit asked for a temporary restraining order as well as a declaration that the Commission's action violated its federal constitutional rights. Plaintiff also moved for a three-judge district court to be convened under 28 U.S.C. § 2284. A date for hearing of the restraining order motion was set, but the necessity for this was removed by the action of the Commission in staying its order in respect to the plaintiff's license to allow appeal.

We took no action on the application to convene a statutory three-judge district court because we were not convinced of the clear necessity of the same at the time. The state act in question has been construed in the light of federal constitutional guarantees many times, both in the state courts and by the federal courts. A three-judge statutory court in the Eastern District of Pennsylvania has found no substantial federal question in a similar situation. Sylvan Seal Milk, Inc. v. Pennsylvania Milk Control Commission, 264 F.Supp. 1001, and 270 F.Supp. 117. The United States Supreme Court has sustained the act against an attack on its constitutionality. Milk Control Board of Com. of Pennsylvania v. Eisenberg Farm Products, 306 U.S. 346, 59 S.Ct. 528, 83 L.Ed. 752 [1939].

We do not cite these precedents as controlling the merits of plaintiff's pleading, but in support of our decision not to act on the application for a three-judge statutory court at this time.

■ Defendants' responsive pleading is in the form of a Motion to Dismiss or for Summary Judgment under Rule 12, Fed.R. of Civ.P. Rule 12 provides that a motion to dismiss presenting matters outside the pleading may be treated as a motion for summary judgment under Fed.R.Civ.P. Rule 56, after all parties have had opportunity to present all pertinent material. Such a procedure is not applicable here. What we really

have is a Rule 12 motion to dismiss which raises (1) lack of jurisdiction over the persons of defendants, (2) improper venue, and (3) insufficiency of service of process.

Defendants in this action are the Milk Control Commission of the Commonwealth of Pennsylvania, its individual members, and the Attorney General of the Commonwealth. The action was filed in the Western District of Pennsylvania, and service of process was made by service of the Summons and Complaint at the offices of the Commission and the Attorney General in the State Office Building in Pittsburgh, Pennsylvania. This is not the official seat or principal office of the Commission or of the Attorney General. It is something in the nature of a "branch office".

 We believe the question of venue is a primary one for consideration. The defendants are being sued in their official capacity as officers of the Commonwealth of Pennsylvania. As such, their official residence is in the State Capitol, Harrisburg, in the Middle District of Pennsylvania and venue of the action is properly laid in that District. Monongahela Connecting R. R. Co. v. Pennsylvania P. U. C., 253 F.Supp. 50, [W.D.Pa., 1965]; United Office, etc., Workers of America v. Smiley, et al., 75 F.Supp. 695 [E.D.Pa., 1946]. If suit is initially brought in the proper district, defendants may be served anywhere in the state. Fed.R. of C.P. 4(f).

 It is not required that Plaintiff have effected valid service of process before we consider the venue question. 28 U.S.C. 1406(a) states:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

In Goldlawr, Inc. v. Heiman, 369 U.S. 463, at p. 465, 82 S.Ct. 913, at p. 915, 8 L.Ed.2d 39, the Court held:

"Nothing in that language indicates that the operation of the section (1406a) was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants.",

and at p. 466, 82 S.Ct. at p. 916:

"The language of 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."

Compare: United States v. Berkowitz, 328 F.2d 358 [3rd Cir., 1964].

 We believe that the interests of justice would be better served by a transfer of the action rather than a dismissal. The real focus of this action is the State Capitol where the Milk Control Commission (now called the Milk Marketing Board) has its official seat. Harrisburg is also a place of holding court for the United States District Court for the Middle District of Pennsylvania. We are informed by the defendants' counsel that there is now pending before that court a similar case involving identical constitutional questions. Lily-Penn Food Stores, Inc. vs. Milk Control Commission, Civil Action 9685.

We will, therefore, transfer the case under 28 U.S.C. 1406(a).