IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 13, 2005 Session

## LAW OFFICES OF HUGO HARMATZ v. STEVE DORROUGH, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-94-03      Dale C. Workman, Judge**

_____

**No. E2004-01987-COA-R3-CV - FILED JULY 20, 2005**

_____

This is an action to enforce a foreign judgment. The trial court granted the Defendants' motion to dismiss due to lack of personal jurisdiction, subject matter jurisdiction and improper venue. Because the Plaintiff failed to establish a *prima facie* case that personal jurisdiction over any of the Defendants was proper, we affirm the judgment of the trial court as modified to clarify that the dismissal is without prejudice.

**Tenn. R. Civ. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified; Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., joined. D. MICHAEL SWINEY, J., filed a separate dissenting opinion.

Michael W. Fortune, Knoxville, Tennessee, for the Appellant, Law Offices of Hugo Harmatz.

John O. Threadgill, Knoxville, Tennessee, for the Appellee, Steve Dorrough, Jayme Dorrough, and Nomad Investment Group, Inc.

# OPINION

On February 14, 2003, the Plaintiff, Law Offices of Hugo Harmatz, filed its complaint to enforce a foreign judgment entered in New Jersey. The complaint states in relevant part as follows:

> That the Plaintiff, Law Offices of Hugo Harmatz, is a company which operates in the State of New Jersey and is located at P.O. Box 500, Colts Neck, NJ 07722-0500.
>
> That the Defendants, Steve Dorrough and Jayme Dorrough, can be served at the above address of their attorney of record, Lynn Tarpy, who represented the Defendants against the Plaintiff in the Circuit Court for Knox County, Tennessee, Docket No. 1-633-01. That the

Defendant, Nomad Investment Group, Inc., is not listed as a corporation with the Secretary of State for the State of Tennessee and therefore, does not have a specific process server identified, and can be served at the above address of its attorney of record, Lynn Tarpy, who represented the Defendant against the Plaintiff in the Circuit Court for Knox County, Tennessee, Docket No. 1-633-01.

That on the 17th day of July, 2001, in the Superior Court for New Jersey, Law Division, Monmouth County, Docket Number MON-L-552-01, the Plaintiff recovered a judgment against the Defendants in the amount of Forty Three Thousand Five Hundred Twenty One and 50/100 ($43,521.50) Dollars plus costs. A certified copy of the judgment is attached hereto as Exhibit "A".

That this judgment is still in full force and effect, and no part of the judgment has been paid and satisfied.
[Numbering in original omitted].

The Defendants responded with a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02, on the grounds that the court "lacks subject matter jurisdiction, personal jurisdiction and venue is improper[.]" A hearing was held on the matter, but no transcript was made of the hearing and no party has filed a statement of the proceedings. On July 24, 2004, the trial court entered an order that states in its entirety, "[u]pon Motion of Defendants and for good cause shown, this case is hereby dismissed with costs taxed to the Plaintiff."

Plaintiff argues on appeal that the trial court dismissed its action on grounds that service of process was insufficient, and its appellate brief is devoted entirely to arguing that its service of process upon Defendants in Florida was sufficient. However, Defendants' motion does not raise as a ground for dismissal insufficiency of service of process, which is specifically and individually enumerated as a separate ground in Rule 12.02. Tenn. R. Civ. P. 12.02(5). Moreover, there is nothing in the trial court's judgment, or in the remainder of the record, that mentions sufficiency (or lack thereof) of service of process. The determinative issue, as we perceive it, is whether the action was correctly dismissed for lack of personal jurisdiction over the Defendants.

In the case of *Chenault v. Walker*, 36 S.W.3d 45 (Tenn. 2001), the Supreme Court provided guidelines for consideration of a motion to dismiss for lack of personal jurisdiction, addressing the question of "[w]ith what certainty must the facts be established in the record for a judge to determine that personal jurisdiction exists over the defendants?" *Id.* at 55. The Court stated as follows:

Under the Tennessee Rules of Civil Procedure a motion to dismiss may be based on one or more of eight grounds, including lack of personal jurisdiction and failure to state a claim on which relief can be granted. *See* Tenn. R. Civ. P. 12.02. A court either decides this

motion based on the allegations contained in the pleadings or, if matters outside the pleadings--such as affidavits--are presented, the court will treat the motion as one for summary judgment as provided in Tenn. R. Civ. P. 56. *See* Tenn. R. Civ. P. 12.03.

As we have stated in the past, however, Rule 12.03 does not apply to a motion to dismiss for lack of personal jurisdiction, unless the evidence brought to the court is so conclusive that the motion may be fully and finally resolved on the merits. *See Nicholstone Book Bindery, Inc. v. Chelsea House Publishers,* 621 S.W.2d 560, 561 n. 1 (Tenn.1981) ("[S]ummary judgment procedure does not properly apply to jurisdictional issues.") (quoting 6 Moore, Federal Practice (Part 2) § 56.17(36) at 913 (1980)).

\* \* \*

Regardless of the theory on which personal jurisdiction is based, though, the necessity of adopting a middle-ground solution--between relying merely on the pleadings and postponing a decision on jurisdiction until discovery has been completed--is apparent. Many federal courts have dealt with this issue, and there appears to be considerable agreement on several aspects of the procedure necessary to determine whether the evidence in favor of finding jurisdiction is sufficient to allow the case to proceed. . . If the defendant challenges jurisdiction by filing affidavits, the plaintiff must establish a prima facie showing of jurisdiction by responding with its own affidavits and, if useful, other written evidence. *See Posner v. Essex Ins. Co. Ltd.,* 178 F.3d 1209, 1214 (11th Cir.1999); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2nd Cir.1999); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir.1998). A court will take as true the allegations of the nonmoving party and resolve all factual disputes in its favor, *see Posner,* 178 F.3d at 1215; *IMO Industries, Inc. v. Kiekert AG,* 155 F.3d 254, 257 (3rd Cir.1998), but it should not credit conclusory allegations or draw farfetched inferences, *see Massachusetts School of Law,* 142 F.3d at 34.

*Chenault v. Walker,* 36 S.W.3d at 55-56 (Tenn. 2001)[footnote omitted].

Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-214, allows Tennessee courts to exercise jurisdiction to the extent the Fourteenth Amendment to the United States Constitution permits. *Id.* at 52-53; *Humphreys v. Selvey*, 154 S.W.3d 544, 550 (Tenn. Ct. App. 2004). The long-arm statute provides:

(a) Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

(1) The transaction of any business within the state;

(2) Any tortious act or omission within this state;

(3) The ownership or possession of any interest in property located within this state;

(4) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting;

(5) Entering into a contract for services to be rendered or for materials to be furnished in this state;

(6) Any basis not inconsistent with the constitution of this state or of the United States;

(7) Any action of divorce, annulment or separate maintenance where the parties lived in the marital relationship within this state, notwithstanding one party's subsequent departure from this state, as to all obligations arising for alimony, custody, child support, or marital dissolution agreement, if the other party to the marital relationship continues to reside in this state.

(b) "Person," as used herein, includes corporations and all other entities which would be subject to service of process if present in this state.

(c) Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative.

Tenn. Code Ann. § 20-2-214.

Due process requires that an out-of-state defendant can be subject to personal jurisdiction only if the defendant has such minimum contacts with the forum state that the maintenance of the action does not offend traditional notions of fair play and substantial justice. *Chenault,* 36 S.W.3d at 53; *J.I. Case Corp. v. Williams,* 832 S.W.2d 530, 531-33 (Tenn. 1992)(citing *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-78, 105 S.Ct. 2174, 2181-84, 85 L.Ed.2d 528 (1985); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-94, 100 S. Ct. 559, 564-66, 62 L.Ed.2d 490 (1980).

Courts recognize two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *United Agricultural Services, Inc. v. Scherer,* 17 S.W.3d 252, 256 (Tenn. Ct. App.

1999). When a state exercises personal jurisdiction over a defendant in a lawsuit not arising out of or related to the defendant's contacts with the forum, the state is exercising general jurisdiction over the defendant. *Id.*; *Helicopteros Nationales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9, 104 S. Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984). When a state exercises personal jurisdiction over a defendant in a lawsuit arising out of or related to the defendant's contacts with the forum, the state is exercising specific jurisdiction over the defendant. *Id; Helicopteros,* 466 U.S. at 414 n. 8; 104 S.Ct. at 1872 n. 8.

For a court to exercise personal jurisdiction of a general nature over a nonresident defendant, the proof must show that the defendant maintains "continuous and systematic" contacts with the foreign state. *Scherer,* 17 S.W.3d at 256; *International Shoe Co. v. Washington,* 326 U.S. 310, 317, 66 S.Ct. 154, 159 (1945). However, in the absence of general jurisdiction resulting from continuous and systematic contacts with the forum state, specific personal jurisdiction exists when a commercial actor purposely directs his activities toward citizens of the forum state and litigation results from injuries arising out of or relating to those activities. *Chenault,* 36 S.W.3d at 53; *Scherer,* 17 S.W.3d at 256. In such a case, "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* "In addition to an evaluation of the defendant's contacts and their connection to the plaintiff's cause of action, courts consider two lesser factors: the forum state's interest in exercising jurisdiction and the convenience to the parties." *Chenault,* 36 S.W.3d at 53.

In the present case, construing the allegations of the complaint in a light most favorable to the Plaintiff, the complaint contains nothing to demonstrate that Defendants have maintained continuous and systematic contacts with Tennessee, that the subject matter of this cause of action bears any relation with Tennessee, or that the Defendants are residents of Tennessee. The record shows that Plaintiff unsuccessfully attempted to serve process on Defendants in Tennessee several times, before serving process on them in Jensen Beach, Florida.

Defendants' motion to dismiss was unsupported by accompanying affidavits or any other proof. The question thus arises: was the unsupported motion sufficient for the court to dismiss the action based on lack of personal jurisdiction? Under the circumstances of the present case, we believe it was. Importantly, the complaint makes no allegation tending to establish jurisdiction other than the allegation, which we accept as true, that the parties were at some earlier time involved in litigation in Knox County, Tennessee. This court has on numerous occasions reiterated the Supreme Court's ruling that "[i]t is clear that the plaintiff bears the ultimate burden of demonstrating that jurisdiction exists." *Chenault,* 36 S.W.3d at 56; *Humphreys v. Selvey*, 154 S.W.3d 544, 548 ("The plaintiff has the burden of establishing a *prima facie* case that personal jurisdiction over a defendant is proper."); *Manufacturers Consolidation Serv., Inc. v. Rodell,* 42 S.W.3d 846, 854 (Tenn. Ct. App. 2000); *Lucite International, Inc. v. Runciman,* C/A No. W2004-00314-COA-R3-CV, 2005 WL 394775 at *2, 2005 Tenn. App. LEXIS 104 (Tenn. Ct. App. W.S., filed Feb. 18, 2005); *Davis-Kidd Booksellers, Inc. v. Day-Impex, Ltd.*, 832 S.W.2d 572, 577 (Tenn. Ct. App. 1992)(holding plaintiffs failed to carry burden of establishing *prima facie* case of personal jurisdiction).

In *Humphreys v. Selvey,* this court was presented with a situation similar to the present case, in that the defendants filed an unsupported motion to dismiss based on lack of personal jurisdiction. The *Humphreys* court stated:

> Humphreys contends that Selvey's motion to dismiss "was not 'properly supported' because [defendant] failed to submit *any* evidence in the form of affidavits, sworn statements, declarations, testimony, or otherwise in support of his motion." (emphasis in original). In *Manufacturers Consolidation Serv., Inc. v. Rodell,* 42 S.W.3d 846, 854 (Tenn.Ct.App.2000), the court noted that where "the defendant challenges the trial court's personal jurisdiction over him by filing a properly supported motion to dismiss, 'the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.' " (quoting *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991); *accord Serras v. First Tennessee Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir.1989)). The above-cited authority does not stand for the position that a movant is required to file affidavits or evidentiary documents in support of their motion, but rather provides that where a movant files affidavits or similar evidentiary documents in support of a motion to dismiss, a plaintiff "must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *See id.*

*Humphreys*, 154 S.W.3d at 550 n. 5 (Tenn. Ct. App. 2004).

In response to Defendants' motion to dismiss, Plaintiff had the options of amending its complaint to include sufficient jurisdictional allegations, filing affidavits to establish personal jurisdiction, or making an offer of proof to the trial court at the hearing. Plaintiff took none of these actions, and we find therefore that it failed to meet its burden to establish a *prima facie* case that personal jurisdiction over the Defendants was proper.

In its judgment dismissing the case, the trial court did not state whether it was dismissing the action with prejudice. In *Rodell,* 42 S.W.3d 846, 855 n.5 (Tenn. Ct. App. 2000), the court noted that "dismissal for lack of personal jurisdiction should be without prejudice." We modify the trial court's judgment to clarify that Plaintiff's action is dismissed without prejudice, and for the aforementioned reasons, we affirm the trial court's judgment as modified. Costs on appeal are assessed to the Appellant, Law Offices of Hugo Harmatz, and its surety.

_____
SHARON G. LEE, JUDGE