IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 13, 2007 Session

## KAMARJAH GORDON, DECEASED ET AL. v. GREENVIEW HOSPITAL, INC., d/b/a GREENVIEW REGIONAL HOSPITAL ET AL.

Appeal from the Circuit Court for Davidson County
No. 06C778    Barbara Haynes, Judge

---

No. M2007-00633-COA-R3-CV - Filed March 24, 2008

---

The issue on appeal in this medical malpractice action is whether the defendant, a Kentucky hospital, had sufficient minimum contacts with Tennessee for our courts to exercise general personal jurisdiction over the defendant. Plaintiff contends Tennessee has general personal jurisdiction over the hospital, which is a Kentucky corporation, because annual reports filed with the Kentucky Secretary of State listed a Nashville, Tennessee, address as the "principal office address" of the corporation, the corporation's officers and directors are located in Tennessee, and it is a subsidiary of a hospital corporation based in Tennessee. The trial court ruled that the defendant did not have sufficient minimum contacts with Tennessee to justify the exercise of general personal jurisdiction over the defendant. We affirm the jurisdictional determination.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Carroll C. Johnson III, and Timothy R. Holton, Memphis, Tennessee, for the appellants, Kamarjah Gordon, Deceased, by and through her next of kin, Tosha Gordon and Tosha Gordon, Individually.

Frank P. Doheny, Jr., and Bradley A. Case, Louisville, Kentucky; and John F. Floyd and Mandy Langford, Nashville, Tennessee, for the appellee, Greenview Hospital, Inc.

### OPINION

Greenview Hospital, Inc., a Kentucky corporation, operates Greenview Regional Hospital in Bowling Green, Kentucky. Tosha Gordon ("Plaintiff"), a resident of Warren County, Kentucky, was pregnant when she went to Greenview Regional Hospital's emergency room to have her blood pressure checked on April 10, 2005.

Finding her blood pressure elevated, Greenview Regional Hospital's medical personnel instructed Plaintiff to contact Vanderbilt University Medical Center, located in Tennessee. Plaintiff did as instructed and was told to follow-up with her treating physician the next day. Later that same

day, Plaintiff visited Centennial Medical Center's emergency room in Nashville, Tennessee, complaining of a headache, elevated blood pressure, and swollen feet. Plaintiff was found to be suffering from pregnancy induced hypertension, was transferred to the Women's Hospital at Centennial Medical Center for a period of observation, and was discharged later that day.

After being discharged from the Women's Hospital, Plaintiff returned to Greenview Regional Hospital. At that time, fetal monitoring revealed bradycardia in the fetal heartbeat and an emergency cesarean section was performed. Unfortunately, Plaintiff's child was stillborn.

Plaintiff, a Kentucky resident, filed a medical malpractice action on behalf of herself and her stillborn infant in the Circuit Court of Davidson County, Tennessee, on March 28, 2006, against several Tennessee healthcare providers and Greenview Hospital, Inc. for the obstetrical care she received on April 10, 2005. Greenview Hospital filed its Answer generally denying Plaintiff's allegations of negligence and further asserting the defense that the court lacked personal jurisdiction over it.

After discovery on the jurisdictional issue, Greenview Hospital filed a Motion for Summary Judgment on the basis that it did not have sufficient minimum contacts with Tennessee to support the exercise of jurisdiction over it either under Tennessee's long-arm statute[1] or the Due Process Clause of the United States Constitution. After a hearing on the motion, the trial court summarily dismissed all claims against Greenview Hospital and issued an order finding that "Greenview Hospital, Inc. d/b/a Greenview Regional Hospital does not have sufficient minimum contacts with Tennessee to support the exercise of personal jurisdiction over it in this Court." This appeal followed.

## ANALYSIS

As a preliminary matter, we first note that the Tennessee Supreme Court has stated that the "summary judgment procedure does not properly apply to jurisdictional issues." *Nicholstone Book Bindery, Inc.*, *v. Chelsea House Publishers*, 621 S.W.2d 560, 561 n.1 (Tenn. 1981) (quoting 6 Moore, *Federal Practice* (Part 2) § 56.17(36) at 913 (1980)). Instead of filing a motion for summary judgment, a defendant should challenge the court's jurisdiction by filing a motion to dismiss for lack of jurisdiction. *See Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 855 (Tenn. Ct. App. 2000). Admittedly, if a motion to dismiss for lack of personal jurisdiction is decided upon the pleadings and affidavits, the procedure is similar in many respects to a summary judgment procedure. Nevertheless, the two procedures should not be confused because a motion to dismiss for lack of jurisdiction is a motion in abatement while a motion for summary judgment is a motion in bar that goes to the merits of the action. *Nicholstone*, 621 S.W.2d at 561 n.1. As the court explained in *Nicholstone Book Bindery*:

> It was error for the courts below to treat defendant's motion to dismiss under Rule 12.02(2), T.R.C.P., as a Rule 56 motion for summary judgment. In 6 Moore, Federal

---

[1] Tenn. Code Ann. § 20-2-214.

> Practice (Part 2) para. 56.17(36) at 913 (1980), the author states succinctly that the "summary judgment procedure does not properly apply to jurisdictional issues." He explains in para. 65.03 at pp. 55-56 that the motion to dismiss for lack of jurisdiction is a motion in abatement, as opposed to the motion for summary judgment, which is a motion in bar and goes to the merits of the action. Thus, only where the 12.02(2) motion is treated as a motion on the merits may it be handled as a Rule 56 motion. The author does observe, however, that motions to dismiss under the corresponding federal rule, Rule 12(b)(2), have been treated as summary judgment proceedings. *See ACS Industries, Inc. v. Keller Industries, Inc.*, 296 F.Supp. 1160, 1161 (D. Conn. 1969). But this is not the preferred procedure. *United Dairy Farmers Coop. Assn. v. Milk Control Comm.*, 47 F.R.D. 1 (W.D. Pa. 1969).

*Nicholstone*, 621 S.W.2d at 561 n.1.[2]  For purposes of this appeal, we will follow the procedure recommended in *Nicholstone Book Bindery* and *Manufacturers Consolidation Services* and review the issue as an appeal from the grant of a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Tenn. R. Civ. P. 12. 02(2).

We review a trial court's determination concerning whether the plaintiff established a prima facie case for personal jurisdiction *de novo* with no presumption of correctness. *Progeny Mktg. v. Farmers & Merchs. Bank*, No. M2003-02011-COA-R3-CV, 2005 WL 819732, at *1 (Tenn. Ct. App. Apr. 7, 2005).

The plaintiff bears the burden of proving that jurisdiction exists. *Chenault v. Walker*, 36 S.W.3d 45, 56 (Tenn. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)).  Under the procedure for evaluating a defendant's motion to dismiss for lack of personal jurisdiction, when a "defendant challenges jurisdiction by filing affidavits, the plaintiff must establish a prima facie showing of jurisdiction by responding with its own affidavits and, if useful, other written evidence." *Chenault*, 36 S.W.3d at 56  (footnote and citations omitted).  The court must take the allegations of the nonmoving party as true and resolve all factual disputes in its favor, but the court may not credit conclusory allegations or draw farfetched inferences. *Id.*  Dismissal is only proper "if all of the specific facts alleged by the plaintiff collectively fail to state a prima facie case for jurisdiction." *Progeny Mktg.*, 2005 WL 819732, at *2.

Tennessee courts may exercise jurisdiction under the Tennessee long-arm statute, Tenn. Code Ann. § 20-2-214, to the extent permitted by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Law Offices of Hugo Harmatz v. Dorrough*, 182 S.W.3d 326, 329

---

[2]Nicholstone Book Bindery, Inc. filed suit in Davidson County Chancery Court against a New York publishing house, alleging the defendant failed to pay for printing and binding it had done in Tennessee and shipped to defendant in New York. The New York defendant filed a Rule 12.02(2), Tenn. R. Civ. P., motion to dismiss for lack of personal jurisdiction. After considering affidavits presented by the parties, the Chancellor treated the motion as a Rule 56 motion for summary judgment.

(Tenn. Ct. App. 2005) (citing *Humphreys v. Selvey*, 154 S.W.3d 544, 550 (Tenn. Ct. App. 2004)). Our courts recognize two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *Harmatz*, 182 S.W.3d at 330 (citing *United Agric. Servs., Inc. v. Scherer*, 17 S.W.3d 252, 256 (Tenn. Ct. App. 1999)).

Plaintiff contends that Greenview Hospital is subject to general personal jurisdiction. For a court to exercise general personal jurisdiction over an out-of-state defendant, "the proof must show that the defendant maintains 'continuous and systematic' contacts with the foreign state, and those contacts 'give rise to the liabilities sued on.'" *Lucite Int'l, Inc. v. Runciman*, No. W2004-00314-COA-R3-CV, 2005 WL 394775, at *4 (Tenn. Ct. App. Feb. 18, 2005) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In keeping with the United States Supreme Court adoption of the "minimum contacts" analysis in *Int'l Shoe* and the Tennessee long-arm statute, Tennessee has adopted three primary factors and two lesser factors to be considered in determining whether the requisite "minimum contacts" are met. *Masada Inv. Corp. v. Allen*, 697 S.W.2d 332, 334 (Tenn. 1985). Under this test, the three primary factors to be considered in analyzing whether there are minimum contacts to sustain personal jurisdiction are: (1) the quantity of the contacts; (2) their nature and quality; and (3) the source and connection of the cause of action with those contacts. *Id.* The two lesser factors considered by the court are the interest of the forum state and convenience. *Id.* By considering these factors, the court can determine whether the defendant has sufficient minimum contacts with Tennessee to justify jurisdiction here. *See Id.* at 335.

It is undisputed that Plaintiff's claim against Greenview Hospital arises from medical care rendered to a Kentucky resident at a hospital in Kentucky, which is operated by a Kentucky corporation. Additional facts upon which Greenview Hospital relies to challenge jurisdiction are set forth in the affidavit of Mark Marsh, Chief Executive Officer of Greenview Hospital. Mr. Marsh's affidavit contained the following relevant statements:

4.   Greenview [Hospital, Inc. d/b/a Greenview Regional Hospital] is a Kentucky corporation with its *principal place of business located at 1801 Ashley Circle, Bowling Green, Kentucky* 42104-9024. Its agent for service of process is CT Corporation, Kentucky Home Life Building, Louisville, Kentucky 40202.

5.   Greenview *conducts its hospital business exclusively from the facility located at the Ashley Circle address in Bowling Green*.

6.   Greenview *does not provide hospital or health care services in Tennessee*.

7.   Greenview is *not registered to do business in Tennessee* and has no agent for service of process in that state.

8.   Greenview *does not own property in Tennessee*.

9.   *All care rendered to the plaintiff*, Tosha Gordon, by Greenview employees or agents *took place at Greenview's facility in Bowling Green, Kentucky*.

10.  *No employees or agents of Greenview provided care or services to Ms. Gordon in Tennessee*.

11.  All of Greenview's relevant hospital records and related documents are located at its facility in Bowling Green. (Emphasis added).

For Tennessee to exercise general personal jurisdiction over an out-of-state defendant like Greenview Hospital, Plaintiff has the burden of showing that the defendant maintained "continuous and systematic" contacts with Tennessee, and that those contacts "give rise to the liabilities sued on." *See Lucite Int'l, Inc.*, 2005 WL 394775, at *4; *Int'l Shoe Co.*, 326 U.S. at 316. With that burden, Plaintiff must establish the quantity of the contacts, their nature and quality, and the connection of the cause of action with those contacts. *Masada Inv. Corp.*, 697 S.W.2d at 334. Plaintiff responded to Greenview Hospital's challenge by asserting the following facts:

1. Greenview is a subsidiary of Hospital Corporation of America (HCA), which is based in Tennessee.
2. HCA owns and operates Greenview Hospital, Inc.
3. Greenview Hospital is part of Tristar Health System, a division of HCA, that includes Greenview and several other hospitals located in Tennessee. The principal office of Tristar Health System is located in Nashville, Tennessee.
4. On its annual reports filed with the Kentucky Secretary of State, Greenview states that its *principal office* is located in Nashville, Tennessee.
5. Numerous officers and directors of Greenview Hospital, Inc., are located in Tennessee. (Emphasis added).

We find the facts upon which Plaintiff relies to be insufficient to establish the requisite minimum contacts. The contention that personal jurisdiction can be invoked based upon Greenview Hospital's affiliation with HCA is without merit because jurisdiction over a parent corporation does not automatically establish jurisdiction over a wholly-owned subsidiary. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (U.S. 1984) (citations omitted). Plaintiff's reliance on the declaration in the annual report filed with the Kentucky Secretary of State that lists Greenview Hospital's "principal office address" as a post office box in Nashville, Tennessee is also insufficient, as is the contention that the officers and directors are in Tennessee. These facts, without more, simply do not establish "systematic and continuous" contacts with Tennessee.

Having concluded that Plaintiff failed to establish the minimum contacts necessary to support this state's exercise of jurisdiction over Greenview Hospital, we affirm the trial court's determination that Greenview Hospital "does not have sufficient minimum contacts with Tennessee to support the exercise of personal jurisdiction over it in this Court."

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with instructions to enter an order to dismiss for lack of general personal jurisdiction and for such other proceedings as may be necessary. Costs of appeal are assessed against Plaintiff.

_____
FRANK G. CLEMENT, JR., JUDGE