# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs September 1, 2020

## RONALD L. JONES v. LOUISE HELMS ET AL.

**Appeal from the Circuit Court for Gibson County**
**No. 8861      Clayburn Peeples, Judge**

_____

**No. W2019-00864-COA-R3-CV**

_____

In this case, a sister contests the sale of her deceased brother's interest in real estate they inherited from their mother to satisfy an outstanding judgment lien against the brother. Because the sister waives her right to appellate review of most of her arguments and we discern no error in the circuit court's exercise of subject matter jurisdiction, we affirm the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

J. STEVEN STAFFORD, P.J., M.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Louise A. Helms, Oklahoma City, Oklahoma, Pro se.

Donnie Wayne Knott, Milan, Tennessee, for the appellee, Ronald L. Jones.

## MEMORANDUM OPINION[1]

### FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2009, the General Sessions Court of Gibson County (the "general

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

sessions court") granted a judgment to Plaintiff/Appellee Ronald L. Jones ("Appellee") against David Alderdice d/b/a Whitewing Company in the amount of approximately $5,941 (the "2009 judgment").[2] Appellee recorded the judgment in the Register's Office for Weakley County on July 9, 2009. Mr. Alderdice died intestate on May 19, 2013, in Weakley County in his family home (the "Weakley County property"). In 2016, the general sessions court issued an execution to the Sheriff of Weakley County to levy on Mr. Alderdice's personal property in Weakley County, which was returned *nulla bona*. On June 3, 2016, Appellee filed a petition in the Circuit Court of Gibson County (the "circuit court") for an order of sale of the real property in which Mr. Alderdice had an interest at his death, pursuant to Tennessee Rule of Civil Procedure 69.07, in order to satisfy the 2009 judgment (plus interest, attorney's fees, and court costs). Appellee asserted that Mr. Alderdice owned a one-third undivided interest in the Weakley County property, having inherited it along with his two sisters when their mother died intestate in 1994. Appellee further claimed that Mr. Alderdice's only heirs-at-law were his sisters, as evidenced by an affidavit of heirship executed by one of his sisters, Defendant/Appellant Louise Helms ("Appellant").[3] Thus, Appellee alleged that the sisters inherited Mr. Alderdice's one-third interest in the Weakley County property when he died, subject to the encumbrance of Appellee's judgment lien. Therefore, Appellee named Mr. Alderdice's estate[4] and Mr. Alderdice's two sisters, Appellant and Defendant Alice Marie Fowler, as defendants (collectively, "Defendants") in the petition for order of sale.[5] Appellant and Ms. Fowler were served individually, and any potential unknown heirs, including Mr. Alderdice's possible estate, were served by publication.

When Appellee did not receive a response within thirty days of service, he filed a motion for default judgment in the circuit court on August 15, 2017. According to a later order entered by the trial court, Appellant made a special appearance in the circuit court on November 6, 2017, when Appellee's motion for default judgment and petition for order of sale were scheduled to be heard, to contest the circuit court's jurisdiction to order the sale of the Weakley County property. The matter was reset for a hearing on July 2, 2018, when

---

[2] The judgment resulted from a contract dispute. It is unclear whether the precise amount is $5,941.04 or $5,941.41, and we cannot confirm this because the judgment is not in the record. There is also some disagreement as to whether the judgment used the term "d/b/a" or "a/k/a[.]" That dispute does not affect this appeal.

[3] This affidavit of heirship is not in the record.

[4] Among the many open questions in this case is whether an estate was ever probated for Mr. Alderdice. The parties speak of his estate in general terms, but nothing in the record suggests a formal legal proceeding was ever initiated. Again, this question and many others illustrate the difficulty we have in adjudicating this appeal.

[5] Appellant seemingly claims to represent Defendants in this matter, which the circuit court appeared to accept. However, she is a retired attorney licensed only in Oklahoma. Therefore, she is not permitted to represent anyone as an attorney in Tennessee, and can only represent herself pro se. *See* Tenn. Sup. Ct. R. 7, § 1.01 (listing the requirements for practicing law in Tennessee). Ms. Fowler and Mr. Alderdice's estate (if one exists), having not properly filed their own briefs in this case, have therefore waived their right to appeal, and we consider Appellant's arguments only as they apply to her individually.

Appellee also filed a motion to affirm the judgment of the general sessions court against Mr. Alderdice and revive the judgment lien against Appellant and Ms. Fowler. The circuit court entered an order of sale on July 24, 2018, finding, "[b]ased on statements by [Appellant and Appellee] and on evidence produced in open Court and upon the record," that: (1) it had jurisdiction to order the sale of the Weakley County property; (2) the general sessions court had jurisdiction to issue the 2009 judgment, which was recorded in Weakley County and became a perfected lien against all of Mr. Alderdice's interests or ownership in real property; (3) Mr. Alderdice owned a one-third undivided interest in the Weakley County property, per the affidavit of heirship; (4) the Sheriff of Weakley County had returned the general sessions court's execution to levy on Mr. Alderdice's personal property *nulla bona*; and (5) Appellee's petition for order of sale was on file in the circuit court longer than thirty days following service on Defendants and Defendants had not filed responsive pleadings. The circuit court entered default judgment for Appellee and affirmed the general sessions' court's 2009 judgment, giving it full faith and credit and reviving it against Appellant and Ms. Fowler (the current owners of the Weakley County property and Mr. Alderdice's only heirs at law). The circuit court ordered the Sheriff of Weakley County to levy on the Weakley County property and sell Mr. Alderdice's one-third interest pursuant to Tennessee Rule of Civil Procedure 69.[6]

The sheriff sold Mr. Alderdice's interest in the Weakley County property pursuant to the circuit court's order to Appellee for $3,750.00, the highest bid. The sheriff then filed a motion to confirm the sale, and Appellee filed a motion for disbursement of the sale proceeds. These motions were heard in the circuit court on April 22, 2019. The circuit court entered an order on April 30, 2019, confirming the sale of Mr. Alderdice's interest in the Weakley County property, from which Appellant timely appealed to this Court. The circuit court then ordered that the $3,750.00 in sale proceeds be held pending the decision of this Court. The parties filed competing statements of the evidence, so the circuit court held a hearing on April 13, 2020, to reconcile the differences. The court ultimately adopted Appellee's statement of the evidence, after giving Appellant a chance to review and dispute it but not hearing from her for several months.

## ISSUES PRESENTED

Appellant's brief does not clearly designate issues on appeal. From what we can

---

[6] Appellee asked for attorney's fees in his petition for order of sale, and the circuit court never ruled on that request. The failure to rule on this request implicates this Court's subject matter jurisdiction, as we have jurisdiction over only final judgments. *See generally* Tenn. R. App. P. 3(a). *But see* Tenn. R. App. P. 9 & 10 (allowing appeals by permission). However, it appears this claim for attorney's fees has been abandoned. Thus, it does not seem reasonable to delay this appeal further, and so we will proceed with resolving it under Rule 2 of the Tennessee Rules of Appellate Procedure. *See **Bayberry Assocs. v. Jones**,* 783 S.W.2d 553, 559 (Tenn. 1990) (holding that Rule 2 may be used to waive the finality requirement of Rule 3(a)).

discern, she raises the following issues.

1. Whether the circuit court had subject matter jurisdiction[7] to order the sale of the Weakley County property in order to satisfy the 2009 judgment.
2. Whether the circuit court had personal jurisdiction over the Defendants.
3. Whether the circuit court violated Appellant's due process rights by disregarding or misinterpreting the documentary evidence she offered, including in arguing that Mr. Alderdice did not own any interest in the Weakley County property, and therefore judgment for Appellee was in error.
4. Whether the circuit court and Appellee erred by citing no law to dispute Appellant's evidence and cited law.
5. Whether Appellant was entitled to a trial.

We address each of these in turn.

## DISCUSSION

As an initial matter, we note that although Appellant is a licensed attorney in Oklahoma, she is not licensed to practice law in Tennessee. As such, she is, in a fashion, a pro se litigant in this Court. The law is well-settled in Tennessee, however, that pro se litigants must comply with the same standards to which lawyers must adhere. ***Watson v. City of Jackson***, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

---

[7] It appears that Appellant conflates venue with subject matter jurisdiction at times throughout the documents she filed in this case. Even if she intended to raise venue separately, however, there is nothing in the record showing that she raised venue in the trial court. Unlike subject matter jurisdiction, venue is waivable. *See **Meighan v. U.S. Sprint Commc'ns Co.***, 924 S.W.2d 632, 639 (Tenn. 1996) (citing Tenn. R. Civ. P. 12.08) ("Improper venue is a matter which is waived unless contested in the first pleading."). Thus, to the extent Appellant raises venue on appeal, it is waived. *See **Fayne v. Vincent***, 301 S.W.3d 162, 171 (Tenn. 2009) (internal quotation marks omitted) ("The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver. ***In re M.L.P.***, 281 S.W.3d at 394 (holding that a party who did not properly raise an issue in the trial court has waived his right to argue this issue for the first time on appeal); ***Dye v. Witco Corp.***, 216 S.W.3d 317, 321 (Tenn. 2007) (holding that an issue raised for the first time on appeal is waived); ***Black v. Blount***, 938 S.W.2d 394, 403 (Tenn. 1996) (holding that issues raised for the first time on appeal are waived).").

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at \*3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (internal citations omitted)). Moreover, "we have ruled that this leeway is generally reserved for those 'untrained in the law.'" *Masserano v. Masserano*, No. W2018-01592-COA-R3-CV, 2019 WL 2207476, at \*5 n.11 (Tenn. Ct. App. May 22, 2019 (quoting *Lacy v. Mitchell*, 541 S.W.3d 55, 59 (Tenn. Ct. App. 2016) (citing *Hessmer*, 138 S.W.3d at 903). Appellant, though self-represented, is certainly not untrained in the law. We keep this in mind in adjudicating this appeal.

## I. Subject Matter Jurisdiction

Appellant first argues that the trial court lacked subject matter jurisdiction to order the sale of the subject property. Appellee has the burden of proving the trial court has subject matter jurisdiction. *Church of God in Christ, Inc. v. L. M. Haley Ministries, Inc.*, 531 S.W.3d 146, 161 (Tenn. 2017) (citations omitted); *see also Johnson v. Hopkins*, 432 S.W.3d 840, 844 (Tenn. 2013) (citations omitted) ("Where subject matter jurisdiction is challenged, the party asserting that subject matter jurisdiction exists . . . has the burden of proof."). "Any order entered by a court lacking jurisdiction over the subject matter is void. Therefore, subject matter jurisdiction is a threshold inquiry, which may be raised at any time in any court." *Hopkins*, 432 S.W.3d at 844 (citations omitted). Subject matter jurisdiction therefore cannot be waived. *Meighan*, 924 S.W.2d at 639. Because "determination[s] of subject matter jurisdiction involve[e] questions of law," we review them de novo on appeal, with no presumption of correctness. *Hopkins*, 432 S.W.3d at 844 (citations omitted). In this case, neither party's arguments regarding subject matter jurisdiction are clear; because our review is de novo and so as not to tax the length of this opinion, we will not recite their arguments in detail here.

Rule 69.07 of the Tennessee Rules of Civil Procedure guides the subject matter jurisdiction analysis in this case.[8] Rule 69.07 states, in relevant part:

> **(2) Judgment Lien.** A judgment lien against the judgment debtor's realty is created by registering a certified copy of the judgment in the register's office of the county where the realty is located. Once a judgment lien is created by registration, it will last for the time remaining in a ten-year period from the date of final judgment entry in the court clerk's office and for any extension granted by the court pursuant to Rule 69.04. . . .

---

[8] The parties cite various statutes in their arguments. To the extent those statutes pre-date Rule 69.07 and conflict with its terms, Rule 69.07 governs. *See* Tenn. Code Ann. § 16-3-406 ("After the [Tennessee Rules of Civil Procedure] have become effective, all laws in conflict with the rules shall be of no further force or effect."); *see also* Tenn. R. Civ. P. 69.07 advisory committee's note to 2004 amendment ("Rule 69 is rewritten in its entirety. The intent is to consolidate procedures established by statute, court precedent, and custom into a single orderly rule. New Rule 69 does not radically change current law.").

**(3) Levy.** As long as a judgment lien is effective, no levy is necessary; the judgment creditor may move for an order of sale. Otherwise a levy occurs when the sheriff exercises control over the judgment debtor's realty. . . .

**(4) Sale.** The sheriff shall sell the debtor's interest in realty by auction. . . .

Here, the 2009 judgment originated in the Gibson County general sessions court and Appellee recorded it in the Weakley County Register's Office in July 2009. Therefore, under the terms of Rule 69.07(2), Appellee created a judgment lien against Mr. Alderdice's realty located in Weakley County, which was effective for ten years (until July 2019). Thus, under Rule 69.07(3), Appellee could move for an order of sale, which he apparently did when he filed his petition for order of sale in the Gibson County circuit court in June 2016. Rule 69.07(3) does not mandate which court or county a judgment creditor must file the motion in for the order of sale. Furthermore, circuit courts are courts of general jurisdiction, meaning that they have broad, rather than limited jurisdiction. Tenn. Code Ann. § 16-10-101 ("The circuit court is a court of general jurisdiction, and the judge of the circuit court shall administer right and justice according to law, in all cases where the jurisdiction is not conferred upon another tribunal."). Therefore, it would appear that under the terms of the rule and the broad nature of the jurisdiction conferred upon circuit courts, Appellee was entitled to move for the order of sale in the circuit court for Gibson County. Indeed, it appears to be an accepted practice to file Rule 69.07 motions in circuit courts. *Cf. Reese v. Amari*, No. M2019-00329-COA-R3-CV, 2020 WL 4342734, at *2 (Tenn. Ct. App. July 28, 2020) (plaintiff filed a motion in Wilson County Circuit Court to order sale of the defendant's realty to satisfy outstanding judgment against defendant). Moreover, Tennessee law generally provides that, with regard to sale of land for the payment of debts by decedents, courts of record "may decree a sale of lands lying in any part of the state." Tenn. Code Ann. § 16-1-107 ("In all suits, instituted according to law, to sell the real estate of decedents for the payment of debts, or to sell lands for partition, a court of record may decree a sale of lands lying in any part of the state."). Appellant cites a few statutes that she asserts deprive the Gibson County Circuit Court of jurisdiction. Generally, these statutes are completely inapplicable in this context.[9] Moreover, other than conclusory citations to these authorities, Appellant does not provide any cogent argument explaining to us, much less persuading us, that the circuit court was deprived of subject matter jurisdiction in this matter on the basis of those statutes. *Cf. Sandalwood Properties, LLC v. Roberts*, No. E2006-01163-COA-R3-CV, 2006 WL 3431939, at *6 (Tenn. Ct. App. Nov. 29, 2006) (rejecting appellants' objection to circuit court's subject matter jurisdiction over an appeal from general sessions court for failure to make a cogent argument and properly object to general sessions court's subject matter jurisdiction over the original claim).

---

[9] For example, one statute concerns actions filed by a personal representative or creditor after an executor not authorized by will or an administrator has exhausted a decedent's personal estate in paying the decedent's debts. *See* Tenn. Code Ann. § 30-2-403. To our knowledge, no executor or administrator of Mr. Alderdice's personal estate, if there is such an estate, took such action in this case. Thus, this statute is inapplicable.

Therefore, we affirm the circuit court's holding that it had jurisdiction to order the sale of Mr. Alderdice's interest in the Weakley County property.

## II. Personal Jurisdiction

Next, Appellant has designated as an issue that the circuit court lacked personal jurisdiction over Defendants.[10] It is unclear from the record if this issue was raised in the circuit court. Unlike subject matter jurisdiction, personal jurisdiction may be waived if it is not properly raised in the trial court: "[A] defendant is permitted to raise the defense of lack of personal jurisdiction at the same time other defenses are raised. Waiver occurs only if there is no objection to personal jurisdiction in the first filing, either a Rule 12 motion or an answer." *Landers v. Jones*, 872 S.W.2d 674, 676 (Tenn. 1994); *see also Jackson v. Burrell*, 602 S.W.3d 340, 344 (Tenn. 2020) ("[A] party may not raise an issue on appeal that was not raised in the trial court.") (internal citations omitted)).  To be sure, the appellate record contains no such written answer or motion filed in the circuit court objecting to the exercise of personal jurisdiction in this case. Nevertheless, Appellant appears to assert that she indeed raised this issue by filing a document in the trial court in the nature of a trial brief/motion to dismiss. Indeed, much of Appellant's arguments in this appeal are predicated on this alleged filing. However, no such filing is included in the record on appeal.[11] Rather, Appellant cites to documents that are attached to her appellate brief. It is well-settled, however, that we cannot consider documents that are merely attached to briefs that are not otherwise contained in the appellate record. *See, e.g.*, Tenn. R. App. P. 13(c) ("The . . . Court of Appeals, . . . may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14 [regarding motions for consideration of post-judgment facts]."); Tenn. Ct. App. R. 6 ("No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded."); *Carney v. State*, No. M2006-01740-CCA-R3-CO, 2007 WL 3038011, at *4 (Tenn. Crim. App. Oct. 17, 2007) (stating that "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal") (internal citation omitted); *Jackson v. Aldridge*, 6 S.W.3d

---

[10] As explained above, while Appellant appears to contest the court's personal jurisdiction over her, her sister, and Mr. Alderdice's estate, because she cannot legally represent those other parties, we consider personal jurisdiction only as it applies to her individually.

[11] Appellant's decision to caption this filing as a trial brief may explain its absence from the appellate record. Under Rule 24(a) of the Tennessee Rules Appellate Procedure, trial briefs are specifically excluded from the record on appeal. Regardless, Rule 24(a) provides that a party who "wishes to include any papers specifically excluded" by the rule may file with the clerk a description of any additional parts of the record that are necessary for a full adjudication of this appeal. Appellant apparently did not take advantage of this rule, as her alleged filing is not a part of the appellate record. As the party taking issue with the trial court's ruling, Appellant bears the primary burden for ensuring that the record on appeal is complete so as to support her arguments on appeal. *Womble v. Womble*, No. M2011-00605-COA-R3-CV, 2012 WL 5993735, at *1 (Tenn. Ct. App. Nov. 30, 2012). Appellant's failure to provide this Court with an adequate record has significantly hampered her efforts on appeal.

501, 502 (Tenn. Ct. App. 1999) ("We cannot consider this factual information because it is not part of the appellate record.").

In addition, as evidenced by the record, the parties and circuit court seem to agree that, as previously stated, Appellant made a "special appearance" contesting the circuit court's "jurisdiction" on November 6, 2017. Special appearances used to be a requirement for objecting to personal jurisdiction, but the Tennessee Rules of Civil Procedure changed that. *See Landers*, 872 S.W.2d at 676 ("Initially, we note that there is a modern legal trend away from the technical requirement that a defendant must enter a special appearance to contest personal jurisdiction. For example, both the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure allow a defendant to raise all defenses, including a challenge to the personal jurisdiction of the court, in either a pre-trial motion or in a responsive pleading. . . . Thus, Tenn. R. Civ. P. 12.02 [] dispenses with the requirement of entering a special appearance to contest personal jurisdiction. . . ."). While special appearances are no longer required when objecting to personal jurisdiction, they are permitted, as long as the party making the special appearance also follows the requirement of raising the defense of personal jurisdiction in either their answer or a Rule 12 motion. *Cf. Clayton v. Hernandez*, No. M2005-01714-COA-R3-CV, 2006 WL 2792157, at *1,*2 (Tenn. Ct. App. Sept. 28, 2006) (holding that party who made special appearance did not waive any defenses by making the special appearance, but waived defenses by not raising them in an answer or pre-answer motion). Therefore, Appellant's special appearance may have been a proper method of objecting to the circuit court's exercise of personal jurisdiction over her, if she also followed the proper Rule 12 procedure for raising the defense of personal jurisdiction. Again, the record is unclear as to whether she did that.

Still, the burden to show waiver in this context rests with Appellee. *See Fayne*, 301 S.W.3d at 171. However, even assuming, *arguendo*, that this issue was not waived for failure to properly raise it in the trial court, we conclude that it is nevertheless waived on appeal on a separate basis. The circuit court did not make any specific findings relative to personal jurisdiction in any of its written orders. Nonetheless, in ordering the sale of a portion of the property of which Appellant is a co-owner, it appears implicit that the circuit court found that it could exercise personal jurisdiction in this case. *See Morgan Keegan & Co. v. Smythe*, 401 S.W.3d 595, 608 (Tenn. 2013) ("Court orders and judgments, like other documents, often speak as clearly through implication as they do through express statements. Accordingly, when construing orders and judgments, effect must be given to that which is clearly implied, as well as to that which is expressly stated.").

"Due process requires that an out-of-state defendant can be subject to personal jurisdiction only if the defendant has such minimum contacts with the forum state that the maintenance of the action does not offend traditional notions of fair play and substantial justice." *Law Offices of Hugo Harmatz v. Dorrough*, 182 S.W.3d 326, 330 (Tenn. Ct. App. 2005). Tennessee's long-arm statute expressly authorizes personal jurisdiction over out-of-state defendants who cannot be served with process in Tennessee when a claim or

action arises from their "ownership or possession of any interest in property located within this state[.]" Tenn. Code Ann. § 20-2-214(a)(3). Appellant does not dispute that she owns an interest in real property in the state of Tennessee and that this action is directly related to said real property. Nor does she appear to contend that her partial ownership of the property at issue is insufficient to satisfy due process. Rather, Appellant makes a number of rather difficult to discern arguments concerning whether the original judgment was against Mr. Alderdice personally or against his business, and whether the proper parties were named. Appellant, however, cites no law whatsoever to support her arguments. Nor does this portion of her brief contain any references to the appellate record.[12]

Rule 27(a) of the Tennessee Rules of Appellate Procedure mandates that appellants' arguments be supported by both citations to the record and to relevant legal authorities. The failure to substantially comply with this mandate may result in waiver of the argument on appeal. *See **Augustin v. Bradley Cty. Sheriff's Office***, 598 S.W.3d 220, 226 (Tenn. Ct. App. 2019), *perm. app. denied* (Tenn. Feb. 19, 2020). Moreover, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Supreme Court***, 301 S.W.3d 603, 615 (Tenn. 2010). Respectfully, Appellant's argument concerning personal jurisdiction is no more than skeletal. It is not supported by citations to evidence actually included in the record. Moreover, Appellant cites no law to suggest that the trial court erred in exercising personal jurisdiction in this case in spite of the clear application of the long-arm statute. In this case, we must conclude that any argument that the trial court erred in exercising personal jurisdiction is waived.

### III. Due Process

Appellant next argues that her due process rights were violated by the trial court's actions. Unfortunately, however, Appellant's arguments are again difficult to discern. She appears to be arguing at least two things: (1) the circuit court violated her due process rights by not considering some of the documentary evidence she submitted, and by misinterpreting other evidence she presented; and (2) that documentary evidence shows that she should prevail, in part because Mr. Alderdice in fact owned no interest in the Weakley County property. The central problem with Appellant's argument is that the appellate record simply does not contain most of the documentary evidence upon which Appellant relies. The record contains a statement of the evidence, which was drafted by Appellee and adopted by the trial court. The statement of the evidence recites the parties' arguments and conclusory statements of fact, with almost no indication as to what evidence, if any, was properly introduced and admitted in the circuit court proceedings.

---

[12] Indeed, a review of Appellant's brief reveals that she does not include any references to the appellate record in her argument whatsoever. She references some documents that are in the record, but does not include proper technical citations to them.

The only mention of documentary evidence being presented in court involves the affidavit of heirship executed by Appellant.[13] And while Appellant mentions this affidavit in her brief and the circuit court mentions it in its orders, we note again that the affidavit itself is not in the record. It is Appellant's duty to clarify whether evidence was presented in the circuit court and to create an accurate record on appeal—if she fails to do so, she waives issues on appeal that are based on incomplete portions of the record. *See* ***State v. Ballard***, 855 S.W.2d 557, 560 (Tenn. 1993) ("When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. ***State v. Bunch***, 646 S.W.2d 158, 160 (Tenn. 1983). Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue. ***State v. Roberts***, 755 S.W.2d 833, 836 (Tenn. Cr. App. 1988). Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue. *See* T.R.A.P. 24(b). The defendant has failed to properly preserve this issue for appeal."); *see also* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

Furthermore, even if the trial court failed to consider or misinterpreted Appellant's evidence, we cannot assess whether any purported error in the trial court's alleged misinterpretation of or failure to consider these documents would be prejudicial, and thus whether Appellant is entitled to relief, without being able to review the evidence. *See* Tenn. R. App. P. 36(b) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process. . . ."). And, again, Appellant is required to explain her arguments and support them with more than conclusory citations to legal authority. *See* Tenn. R. App. P. 27(a); ***Sneed***, 301 S.W.3d at 615. Even though she cites some legal sources in her arguments relating to due process, she does not explain them sufficiently, and her arguments remain unclear. Therefore, Appellant waives this issue.

Moreover, to the extent that Appellant's due process arguments, or any of her arguments, for that matter, rely on her allegation that Mr. Alderdice did not own any interest in the Weakley County property, Appellant undermines her own claims by effectively conceding that very fact. For example, in her reply brief, she repeatedly states, "Two sisters and brother [Mr. Alderdice] each own one-third of deceased parents' estate [the Weakley County property]." Under these circumstances, we simply cannot conclude that Appellant has shown that she is entitled to relief as to these issues.

---

[13] The circuit court's order adopting Appellee's statement of the evidence states that the 2009 judgment was also presented in court. However, again, the 2009 judgment is not in the record on appeal, so we cannot consider it, and the parties cannot rely on it in their arguments on appeal.

## IV. Sufficiency of Appellee's and Circuit Court's Citations

Appellant next argues that neither the circuit court nor Appellee cites any authority to dispute her cited authority and evidence and that this failure entitles her to judgment in her favor. Respectfully, we disagree as to both points. We first note that Appellee cited to controlling authority—Rule 69.07 of the Tennessee Rules of Civil Procedure—in his petition for order of sale. As previously discussed, this is the operative rule for purposes of judgment liens against realty. Ironically, Appellant fails to cite any relevant authority for her assertion that Appellee's alleged failure to support his pleading with citations to statutes or case law is fatal to his claim. Instead, Appellant only cites to Rule 8.05 of the Tennessee Rules of Civil Procedure. Rule 8.05 merely requires that pleadings relying on statutes "either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged." Tenn. R. Civ. P. 8.05(1). It is difficult to discern how this rule is even applicable, as Appellee has simply not alleged a statutory violation in this case. Otherwise, as with other portions of her brief, Appellant does not develop her argument enough for us to conduct meaningful appellate review on this issue. *See **Wortham v. Kroger Ltd. P'ship I***, No. W2019-00496-COA-R3-CV, 2020 WL 4037649, at \*15 (Tenn. Ct. App. July 16, 2020) (citing ***Sneed***, 301 S.W.3d at 615) ("[W]e do not consider arguments that are only minimally developed in a party's appellate brief."); *see also **Sneed***, 301 S.W.3d at 614–15 (citing Tenn. R. App. P. 27(a)) ("[I]n his brief filed in this Court, Sneed [does not] attempt[t] to explain how the Panel or the trial court erred in resolving this issue. Thus, even if the issue had merit, . . . the issue would be waived."); ***Conley v. Tennessee Farmers Ins. Co.***, No. W2017-00803-COA-R3-CV, 2018 WL 3561725, at \*6 (Tenn. Ct. App. July 24, 2018) (discussing waiver where "there [was] no clearly developed explanation as to [a certain] point on appeal"). Nor does Appellant explain how any error on the part of Appellee or the circuit court with respect to this issue would be fatal. *See* Tenn. R. App. P. 36(b). Consequently, this issue is waived.

## V. Trial

Finally, Appellant asserts that there was no trial, implying that she was entitled to one. First, it is unclear from the record if there in fact was a trial. Appellee claims there was one, and the trial court approved a statement of the evidence, suggesting that a trial indeed took place. However, the statement of the evidence does not clearly indicate that any witnesses were actually called or if the parties merely argued their cases without the benefit of actually submitting testimony. Second, and more importantly, Appellant cites no law to support the contention that she was entitled to a trial or full evidentiary hearing, or evidence to show that she requested but was denied a trial by the trial court. Again, she claims the circuit court erred by refusing to hear her evidence. We reiterate that we are unable to discern whether the circuit court in fact did this, due to the unclear record, and even if the circuit court erroneously denied Appellant's evidence, we are unable to decide

if that denial constitutes reversible error without Appellant's evidence in the record before us. *See* discussion *supra* Section III. Because we are simply unable to evaluate this argument based on the deficient briefing and the incomplete record in this case, this issue is also waived. *See* Tenn. R. App. P. 27(a); **Augustin**, 598 S.W.3d at 226–27; **Childress v. Union Realty Co.**, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) (citation omitted) ("[W]hen a party raises an issue in its brief, but fails to address it in the argument section of the brief, we consider the issue to be waived.").

## CONCLUSION

The judgment of the Circuit Court for Gibson County is affirmed. Costs of this appeal are taxed to Appellant Louise Helms, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE